[No. 24317.   Department One.   March 15, 1933.]

HERBERT NOLAN, *Respondent*, v. FISHER COMPANY *et al.*, *Appellants*.[1]

*Mulvihill & Anderson*, for appellants.

*Verne C. Henry* and *Wm. A. Johnson*, for respondent.

MILLARD, J.—This action was brought to recover from defendant corporation and defendant marital community for injuries alleged to have been sustained by the plaintiff as the result of an assault upon him by defendant husband while the latter was acting within the scope of his authority as general manager for the defendant corporation. From judgment entered on verdict in favor of the plaintiff, the defendants have appealed.

[1] Reported in 19 P. (2d) 937.

It is first contended that, as the assault was not committed within the scope of Paschke's employment, the trial court erred in overruling appellants' motion for judgment notwithstanding the verdict.

The evidence is summarized as follows: Paschke was the manager of a department store in Everett, operated and owned by appellant corporation, whose headquarters were in Tacoma. Respondent, Nolan, was manager of a radio department in that store. The radio concession was operated by the Domestic Electric Appliance Company, Nolan's employer, under a written lease from appellant corporation. Nolan was not an employee of the appellant corporation, which exercised control and supervision over the contract sales in the radio department of the store. No sales of radios could be made on credit until authorized by appellant corporation, which dictated the policy of the radio department and handled, through its credit division, all collections relating to the radio department.

On December 24, 1931, respondent went to the shoe department of appellant's store to buy a pair of shoes. While the shoes were being fitted, Nolan motioned to Paschke to come to that section of the store. When Paschke arrived at the point where Nolan was making his purchase, the latter told Paschke he would like to speak to him, and would join him when the purchase was completed. Almost immediately thereafter, Nolan, wearing the new shoes and carrying the old pair in a package under his arm, walked towards Paschke, who told Nolan to not permit a certain person to have any more radio tubes. In response to the interrogation for the reason, Nolan was informed the credit of the party named was "no more good." Nolan testified:

"I said, 'You needn't get sore about that.' So I was with, I dare say about three feet of Mr. Paschke at the head of the stairs, and I told him the reason I

wanted to see him was to let him know that I was going to move the radio department from the Fisher Company's store, so he got sore. He says, 'Take your . . . stuff and get out of here right now and stay out.' 'No,' I says, 'I don't think I have to.' I says, 'We have a contract here,' and I says, 'and I think I have that privilege.' He says, 'I told you to get right out now,' and he kicked me on the leg, and when he kicked me on the leg I made a grab for him and missed him and he pushed me and I went back.''

It appears that Paschke then struck Nolan, who fell down the stairs and was rendered unconscious. At the foot of the stairs, Paschke struck Nolan five times about the face and chest. In the fight, one of respondent's legs was broken. One of appellant corporation's employees asked Paschke what they should do with Nolan, who was unable to walk because of his injuries. Paschke replied: ''Do what you please with him, but take him out of here.''

There was testimony that Nolan had four drinks of intoxicants a short time preceding the fight, and was ''just feeling happy.'' Paschke testified that the fight was the result of his admonition to respondent that the latter must not be around customers with the odor of intoxicants on him.

Counsel for appellants insist that an employer may not be required to respond in damages for an assault by his employee upon a third person, unless the assault was committed in the furtherance of the employer's business and the act was such as may be fairly said to have been either expressly or impliedly authorized by the employer.

One is responsible not only for his own acts but for the acts of his employees when the acts are done within the scope of the employment and in furtherance of the business which is entrusted to the employees.

"In other words, so long as the thing the servant is doing is in the furtherance of the master's business, the master must answer for the manner in which the act was done." *De Leon v. Doyhof Fish Products Co.*, 104 Wash. 337, 176 Pac. 355.

If Paschke committed the injurious acts by the authority of his employer, expressly conferred or fairly implied from the nature of the employment and the duties incident to the employment, Paschke's acts were within the scope of his employment. It is not enough that the acts were done while prosecuting the employer's business. If the acts were such as were incident to the performance of the duties entrusted to Paschke by his employer—acts necessary to accomplish the purpose of his employment (authority to maintain discipline and to exercise a general discretion in the performance of his duty)—the acts were such as may fairly be said to have been authorized by the employer, and were within the scope of Paschke's employment.

Nolan was not an employee of appellant corporation. However, he was rightfully on the premises as an invitee; he was a concessionaire and a customer. He had his purchase with him when assaulted by Paschke. Under Paschke's own testimony, he was exercising his authority as manager when he reprimanded Nolan for being under the influence of intoxicants while in the store. In endeavoring to maintain discipline, he was acting within the scope of his employment as manager. If, while exercising that authority, the object of his reprimand and attack is subjected to unnecessary force and violence and thereby injured, the employer is liable for the damages thus sustained. It matters not that such servant acted maliciously.

"Where the master has given a servant a general authority, and in the exercise of that authority the servant negligently or maliciously injures another, the act complained of was done in the course of his employ-

ment. . ." *DeLeon v. Doyhof Fish Products Co.,* 104 Wash. 337, 176 Pac. 355.

The cases cited by appellants, where the servant stepped aside from the prosecution of the master's business and committed an assault, are not in point. Paschke, as manager, was vested with authority to maintain discipline and to exercise a general discretion in the performance of his managerial duties. While so functioning, he employed—the verdict of the jury so indicates—unnecessary force and violence, as a result of which the respondent sustained serious injuries.

"The case of *Matsuda v. Hammond,* 77 Wash. 120, 137 Pac. 328, 51 L. R. A. (N. S.) 920, is relied on by appellant, but it is not contrary to our present holding. As there said, the general liability of the master to answer for the tort of a servant rests in the peculiar character of the employment, which, from its nature, is liable to create disputes and consequent breaches of the peace. It was so in this case, the authority of the superintendent to maintain discipline and to exercise a general discretion in the performance of his duty excepts the case from the rule in the *Matsuda* case and brings it within the exception there noticed." *DeLeon v. Doyhof Fish Products Co.,* 104 Wash. 337, 176 Pac. 355.

Appellants are liable in damages, inasmuch as Paschke was acting within the scope of his employment and was not pursuing his own ends for his own purpose.

Appellants next complain that the verdict of five thousand dollars was excessive. There was competent evidence, which the verdict reflects the jury accepted as true, that one of respondent's legs was permanently injured and will be swollen during the remainder of respondent's life. Under the evidence, which the jury had a right to consider, it can not be

said that the verdict was excessive, or that it indicated passion or prejudice in its award.

Our examination of the record not disclosing reversible error, the judgment should be, and it is, affirmed.

BEALS, C. J., HOLCOMB, MITCHELL, and PARKER, JJ., concur.