GRAY *v.* SAWATZKI.

1. APPEAL AND ERROR—PERFECTING APPEAL.

Judgment against a defendant is affirmed where, after his claim of appeal was filed, appeal was not perfected by filing of the reasons therefor and no brief has been filed on his behalf.

2. AUTOMOBILES—MASTER AND SERVANT—NEGLIGENCE.

In order to hold master or employer liable for the negligent operation of his car by his servant or employee, it must appear that latter was using it for purpose within the scope of his employment.

3. SAME—SLIGHT DEVIATION FROM ROUTE.

Employee's slight deviation for his own purposes from route ordinarily taken will not relieve employer from liability for negligent operation of his automobile by employee if latter has returned to the route at the time accident occurs.

4. SAME—ABANDONMENT OF EMPLOYMENT—NEGLIGENCE.

Outdoor sign company's employee who kept employer's truck in garage at home so he could answer calls to repair lights out of condition after hours, whose week's service began Mon-

day morning and ended Friday night, who was under orders not to use truck except on company business, who left his wife at an apartment house and made a two-hour gratuitous inspection trip on Saturday night, then returned and spent over six hours at the apartment, and then collided with plain-tiff's milk wagon while they were on the most direct route home is *held,* to have abandoned employment and not to have resumed it, thus relieving employer from liability for injuries caused.

5. MASTER AND SERVANT—IN THE COURSE OR SCOPE OF EMPLOYMENT OR AUTHORITY.

The phrase ''in the course or scope of employment or author-ity,'' when used relative to acts of a servant, means while engaged in the service of the master, or while about his mas-ter's business and is not synonymous with ''during the pe-riod covered by his employment.''

Appeal from Saginaw; Browne (Clarence M.), J. Submitted April 9, 1935. (Docket No. 36, Calendar No. 38,320.) Decided June 3, 1935.

Case by Harry C. Gray against Herbert W. Sa-watzki and Walker & Company, a corporation, for personal injuries sustained when defendants' truck collided with milk wagon in which plaintiff was rid-ing. Defendants review verdict and judgment for plaintiff by separate appeals. Remanded with direc-tions to enter judgment for defendant Walker & Company.

*Crane & Crane,* for plaintiff.

*Bishop & Weaver,* for defendant Walker & Com-pany.

. NELSON SHARPE, J. Plaintiff, while driving a milk wagon, drawn by a horse, on August 27, 1933, was injured by a truck, owned by the defendant Walker & Company and driven by the defendant Sawatzki,

colliding with the rear end thereof. He had verdict and judgment against both defendants for $5,592.50, from which they have appealed.

When the plaintiff rested, and also when all of the proofs had been submitted, each of the defendants moved for a directed verdict, which was taken under advisement and renewed by the defendant Walker & Company after verdict and denied. Motions for a new trial were also denied. While each of the defendants filed a claim of appeal, that of the defendant Sawatzki was not perfected by the filing of the reasons therefor, and no brief has been filed on his behalf. His appeal, therefore, will not be considered, and the judgment against him is affirmed.

Counsel for Walker & Company insist that there was error in denying their motion for a directed verdict for the reason that under the undisputed evidence it appeared that at the time of the collision the defendant Sawatzki was not operating their truck in their business, or for their benefit, but for his own personal and family use.

Sawatzki, called by the plaintiff as a witness for cross-examination, testified: that he had been in the employ of Walker & Company for 10 or 11 years; that they were engaged in the business of "distributors of outdoor advertising and billboards, anything and everything in outdoor signs" in the city of Saginaw and the country surrounding it; that at the time of the collision he was living with his wife at 2017 Glenwood avenue in the city of Saginaw; that he was permitted to keep the truck in the garage at his home so that he could answer "after hour calls" as to any lights out of condition; that Walker & Company also paid for the maintenance of a telephone in his home for the same reason; that among the lights were what is known as "neon signs. A glass tube filled with gas and when you put electricity to it, they give

a red light," and that they would get out of order at times and it was his duty to fix them; that it was his duty "to check those lights so they would be maintained in working order," and that he did such work at night; that on the evening of Saturday, August 26, 1933, he went out "to check up these neon signs;" that he and his wife had made arrangements to spend the evening at the Cosendai Apartments on North Jefferson avenue in that city, and that when he left his home she went with him and his main reason for driving the truck was to take her to the apartments, after which he went to Culver & Deisler's, where a neon light had been installed, to see that it was operating properly; that he then drove around the city for nearly two hours, checking the lights, and then back to Culver & Deisler's again, "and I couldn't see what I wanted to see, and so I parked the truck and I went over and looked at it again;" that when he had completed his checking he parked the truck, about 9:30, near the apartment house in which his wife then was, and went in and remained there until about 4 o'clock in the morning, and then took the most direct route to his home, colliding on the way with the milk wagon in which the plaintiff was riding.

He also testified that the truck was equipped with tools belonging to the company, and he understood it was to be used only on company business; that he had been instructed by his employer not to use the truck for family purposes, and that when he took his wife to the apartment in it he was violating the orders of the company, and that his week's service began on Monday morning and ended on Friday night.

The doctrine of the liability of an owner of an automobile, while being used by a servant, for damages sustained by a third party is annotated and

discussed at length in 22 A. L. R. 1397, 45 A. L. R. 477, and 68 A. L. R. 1051. The rule seems well established that, in order to hold the master or employer liable for the negligent operation of his car by his servant or employee, it must appear that he was using it for a purpose within the scope of his employment. A deviation from the route ordinarily taken in the performance of his duties, usually termed "slight," for a purpose of his own, will not relieve the employer if at the time of the accident he has returned thereto. *Murphy* v. *Kuhartz*, 244 Mich. 54.

The question here presented is not one of deviation from the route, but whether the employee had not abandoned his duties when he parked the truck near the apartment and entered it and remained there with his wife for more than six hours, under an arrangement made between them before they left their home, and had not resumed them when he was later driving the truck in which he and his wife were riding on the way to their home on Sunday morning.

It is apparent from the testimony that the purpose of Sawatzki in using the truck on this night was to convey his wife to the apartment. He had had no calls to check any of the lights, and his act in doing so was a gratuitous service on his part, which terminated when he parked the truck and entered the apartment. His purpose in doing so was not to call for his wife and take her to their home, but to remain there with her for an indefinite time. By so doing he abandoned his employment, not temporarily, but with a fixed purpose to remain there for several hours, as he did, and his act in again entering the truck, accompanied by his wife, for the sole purpose of driving it to his home, was not such a resumption of his employment as to render the em-

ployer liable for his negligent act while doing so. His return of the truck to his home was but an incident to the use he was then making of it.

In *Riley* v. *Roach,* 168 Mich. 294, 307, 308 (37 L. R. A. [N. S.] 834), this court said:

"The test of the liability of the master for his servant's acts is whether the latter was at the time acting within the scope of his employment. The phrase 'in the course or scope of his employment or authority,' when used relative to the acts of a servant, means while engaged in the service of his master, or while about his master's business. It is not synonymous with 'during the period covered by his employment.' "

Remand will be had to the circuit court, with direction to enter a judgment for the defendant Walker & Company, with costs of both courts.

POTTER, C. J., and NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.