GRAY *v.* SAWATZKI.

1. INSURANCE—AUTOMOBILES—MASTER AND SERVANT—SCOPE OF EMPLOYMENT AND IMPLIED CONSENT COEXTENSIVE.

Under automobile liability insurance policy covering use by others with permission of the insured, where outdoor advertising company allowed its employee to keep its truck in his garage at night, the liability of the insurer for use by the employee is measured by the scope of employment as when the employee is outside the scope he is outside the consent, the scope of employment and implied consent being coextensive terms.

2. SAME—EMPLOYEE'S PERSONAL USE OF TRUCK INSURED ONLY FOR EMPLOYER'S COMMERCIAL USE.

Since the use of a truck by an insured's employee for his personal use cannot be said to be a "commercial use," an insurer under a policy in which it is declared the truck would be used only for "commercial use" would not be liable to person injured while employee was using truck for personal use.

3. SAME—TRUCKS FOR COMMERCIAL USE—LIABILITY OF EMPLOYER—
   GRATUITOUS INDEMNIFICATION NOT PRESUMED.

  A policy of liability insurance whereby insurer agrees to in-
  demnify persons by reason of operation of truck declared to be
  for commercial use should be construed to cover all situations
  in which the employer who pays the premiums might be held
  legally responsible and an intention to create further gratuitous
  indemnification cannot be presumed.

Appeal from Saginaw; O'Neill (James E.), J. Submitted October 5, 1939. (Docket No. 60, Calendar No. 40,702.) Decided December 19, 1939. Rehearing denied February 14, 1940.

Garnishment proceedings by Harry Gray against Herbert Sawatzki, principal defendant, and Fidelity & Casualty Company of New York, a New York corporation, as garnishee defendant, on a motor vehicle insurance policy. Judgment for plaintiff. Garnishee defendant appeals. Reversed and judgment ordered entered in accordance with opinion.

*Crane & Crane,* for plaintiff.

*Ronald R. Weaver* and *James R. Breakey, Jr.,* for garnishee defendant.

BUTZEL, C. J. As the result of an automobile collision, Harry Gray brought suit against Herbert W. Sawatzki and Walker & Company and recovered judgment against both defendants. The judgment against Sawatzki has become final. On appeal, the judgment against Walker & Company was reversed in *Gray* v. *Sawatzki,* 272 Mich. 140. It was there shown that Sawatzki was employed by Walker & Company, a company engaged in the business of distributing outdoor advertising and billboards, and that he was permitted to keep a maintenance truck

at night in his garage at his home for the purpose of answering repair calls and inspecting the signs after working hours. On August 26, 1933, he took his wife to an apartment house at which they contemplated spending the evening at a social gathering. He then drove the truck around the city of Saginaw on a voluntary tour of inspection of the signs. He returned to the apartment, joined his wife, and remained at the party until about 4 o'clock in the morning. On his way home he ran into a milk wagon being driven by plaintiff. We held that at the time of the accident Sawatzki was not in the performance of his duties or within the scope of his employment. The ordinary rules of master and servant were applied to exonerate Walker & Company from responsibility.

Plaintiff subsequently sued out a writ of garnishment against the Fidelity & Casualty Company of New York as garnishee defendant seeking to collect his judgment against Sawatzki from an automobile liability insurance policy issued to Walker & Company. Plaintiff's position is that Sawatzki, as driver of the truck belonging to his employer, was included in the omnibus clause of the policy purporting to cover:

"Any other person while riding in or operating any automobile covered hereby, and any other person, firm or corporation while responsible for the operation of any such automobile shall be deemed to be insured hereunder subject to all the declarations, agreements, and conditions; provided, that such * * * automobile is being used legally with the permission of the insured named in the declarations."

It is not claimed that Sawatzki was expressly given permission by his employer to operate the

truck for his own pleasure or convenience. The theory is that such permission existed by implication from a number of facts and surrounding circumstances. Our former decision in this case was necessarily based upon the finding that Sawatzki was engaging in his own rather than his employer's business at the time of the collision and that he was not driving within the scope of the authority given him by his employer. We do not think that it can be asserted that the automobile was being used legally with the permission of the insured. A distinction contended for by plaintiff was rejected by us in *Kieszkowski* v. *Odlewany*, 280 Mich. 388, when we recently said in a slightly different connection:

"Where a master and servant relation exists, the implied consent of the owner of the vehicle extends to the scope of employment. When the servant is outside the scope, he is outside the consent; the terms are coextensive, and, as used in this sense, have the same meaning. The scope of employment is merely the measuring rod by which it can be determined whether the servant was acting within the implied consent of the employer."

Application of this rule to the language of the policy accords with what must have been its intended meaning. The declarations to which the omnibus clause is made subject provide in section 9 that

"The automobiles covered in the policy will be used during the period of this policy for the following purposes only: Commercial use."

Use of a truck by a company employee for his personal transportation cannot be said to be a "commercial use." Furthermore, an employer in securing such a liability contract cannot be said to have intended to indemnify injured persons regardless of

his responsibility for their injuries. The contract should be construed to cover all situations in which the employer who pays the premiums might be held legally responsible. An intention to create further gratuitous indemnification cannot be presumed. On the contrary, the policy further states that it does not cover "any automobile while used for any purpose not specified in the declarations." Surely, the use of the automobile by Sawatzki to take himself and his wife home from a party at 4 in the morning was not a "commercial use," as specified in the declarations.

For these reasons, the judge who tried the cause without a jury should have entered a judgment in favor of the garnishee. Judgment is reversed, with costs, and one may be entered in the circuit court in accordance with this opinion.

WIEST, BUSHNELL, SHARPE, CHANDLER, and NORTH, JJ., concurred with BUTZEL, C. J. POTTER and McALLISTER, JJ., concurred in the result.