**O'CONNELL et ux. v. UNITED STATES.**

No. 649.

United States District Court
E. D. Washington, S. D.

March 19, 1953.

Moulton, Powell, Gess & Loney, Kennewick, Wash., for plaintiffs.

Harvey Erickson, U. S. Atty., Spokane, Wash., for the United States.

DRIVER, District Judge.

This is an action for damages under the Federal Tort Claims Act for personal injury to plaintiff husband. The basic facts are practically undisputed. John R. O'Connell, who will hereinafter be referred to as the plaintiff, was a passenger on a motor bus, which was traveling along an arterial highway, when an army weapons carrier, driven by private Donald E. Gosseen, entered the highway, without stopping, and collided with the passenger bus, thereby causing the plaintiff to suffer serious injury.

Private Gosseen was a member of a battery stationed at Camp Hanford, Washington. On the day of the collision, the battery, or a detachment of it, was on field duty in an area near the camp. No water was available there; and a corporal, who was the assistant mess steward, called the

motor corporal in the battery to get a driver and vehicle for water. Private Gosseen was selected and sent out with a ¾-ton weapons carrier. A second lieutenant, who was the mess officer and the senior officer in charge, "concurred in the choice". Private Gosseen drove the vehicle to the water point, which was some distance away. The collision occurred on the return journey.

It is apparent from the foregoing factual recital that plaintiff's injury was caused by the negligent or wrongful act of private Gosseen, who was an employee of the defendant United States.[1] It is also clear that the vehicle, which Private Gosseen was driving, was the property of the defendant and that he was using it for the furtherance of essential business of his employer, namely, in the transportation of water to military personnel on duty in the field.

The only question for consideration, therefore, so far as liability of the defendant is concerned, is whether Private Gosseen was acting within the scope of his office or employment, which means, the statute says, in the case of a member of the military forces, acting in line of duty.[2] It is defendant's contention that Gosseen was not so acting, for the reason that, about three weeks prior to the collision, the first sergeant of his battery had given him a direct and positive order never to drive an army vehicle while he remained in the organization. It is not disputed, however, that this order was given orally; that it was not communicated to the battery commander; and that the corporals and the second lieutenant who were responsible for dispatching Gosseen with an army vehicle to bring water to the detachment, just prior to the collision, had no notice or knowledge of the first sergeant's order. Moreover, on the day of the collision, the first sergeant was on pass status, was not present with the detachment, and was not in a position of command over Private Gosseen.

■ The Federal Tort Claims Act provides for liability of the United States for personal injury caused by negligence or wrongful act of a government employee, while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant, in accordance with the law of the place where the act occurred.[3] The government is liable to the same extent and in the same measure that a private employer would be liable under the doctrine of *respondeat superior*, in comparable circumstances, for a like act of his employee; and that is true, regardless of whether or not the government employee is a member of the armed forces. The statutory provision, mentioned above, that when applied to military personnel acting within the scope of their employment means acting in line of duty was not intended to establish a different measure of liability of the United States for the acts of military employees than for the acts of civilian employees.[4] And, at least in this Ninth Circuit, the law of the place where the act occurred is to be applied to determine not only whether the act complained of constituted negligence or actionable wrong, but also whether in doing the act an employee of the United States was acting within the scope of his office or employment.[5]

■ In the State of Washington, where the negligent act occurred, *respondeat superior* is a recognized rule of law. An employer is liable for the negligence of his employee, when a negligent act is committed in the execution of the employer's business and within the scope of the employment.[6] In applying the rule, the Washington Supreme Court has held that the

---

1. 28 U.S.C.A. § 2671.

2. 28 U.S.C.A. § 2671.

3. 28 U.S.C.A. § 1346(b).

4. United States v. Campbell, 5 Cir., 172 F.2d 500; United States v. Eleazer, 4 Cir., 177 F.2d 914.

5. Murphey v. United States, 9 Cir., 179 F.2d 743. United States v. Johnson, 9 Cir., 181 F.2d 577; United States v. Wibye, 9 Cir., 191 F.2d 181; Cf. United States v. Sharpe, 4 Cir., 189 F.2d 239.

6. Carlson v. P. F. Collier & Son Corp., 190 Wash. 301, 314, 67 P.2d 842; Rice v.

activities of an employee are within the scope of his employment, if they are authorized by the employer, either expressly or by fair implication from the nature of the duties to be performed.[7]

■■ In the instant case then, we are not concerned with what "line of duty" would mean in a strictly military sense. Here the question presented is this: If Private Gosseen had been an employee of a private corporation, would he have been acting within the scope of his employment by the standards of Washington law? It seems clear that he would have been so acting. Let us imagine a comparable situation. Let us suppose that a foreman of a private corporation gives an oral order to one of its employees not to drive the corporation's motor vehicles; but, without any knowledge of such order, and in the absence of the foreman, another foreman, with the consent and approval of one of the corporation's field superintendents, then present, directs the workman to drive a corporation vehicle on corporation business. Operation of the vehicle by the workman would be expressly authorized by his employer.

■ Although Private Gosseen had been issued a driver's license, or permit, by the military authorities, the license did not authorize him to drive a ¾ ton truck, which was the type of vehicle he was operating at the time of the collision. The government contends that, since his license did not authorize him to drive the vehicle he was using, Gosseen was not acting within the scope of his employment. If we again revert to the analogy of the private employer in like circumstances, the answer to the government's contention becomes apparent. Clearly, a private employer could not escape liability for injuries to third persons, under the doctrine of *respondeat superior*, by reservations or limitations contained in drivers' licenses, issued by the employer to employees engaged in the operation of the employer's motor vehicles.[8]

Judgment will be for plaintiffs in the amount to be determined by the court from the evidence presented at the trial.

Garl, 2 Wash.2d 403, 98 P.2d 301; Leuthold v. Goodman, 22 Wash.2d 583, 587, 157 P.2d 326.

7. Nolan v. Fisher Co., 172 Wash. 267, 269, 19 P.2d 937; Johnson v. Central

Bldg. Co., 35 Wash.2d 299, 303, 212 P.2d 796.

8. See Poundstone v. Whitney, 189 Wash. 494, 500, 65 P.2d 1261.