**AMERICAN STATES INSURANCE COMPANY, Plaintiff,**

v.

**Suzetta BROWN et al., Defendants.**

**Civ. A. No. 19306-3.**

United States District Court,
W. D. Missouri, W. D.

June 10, 1971.

Joseph A. Sherman, Jackson & Sherman, Kansas City, Mo., for plaintiff.

Lantz Welch, Kansas City, Mo., for Wisely.

Anthony J. Romano, Romano, Shapiro & Polsinelli, Kansas City, Mo., for Brown.

## JUDGMENT OF DISMISSAL

WILLIAM H. BECKER, Chief Judge.

This is an action under the Declaratory Judgment Act, Section 2201, 2202, Title 28, United States Code, in which plaintiff seeks a declaration that it "has no duty to defend [suits in the Circuit Court of Jackson County] on behalf of Defendant Collins or to reimburse or pay any attorney's fees, costs or expenses in the defense of said suit, and that in the event of final judgment for the plaintiffs therein, against defendant Collins, it has no duty to satisfy said judgment or to indemnify Defendant Collins."

Plaintiff alleges that it is the insurer on a liability insurance policy issued to Joseph F. Clark and O.K. Furniture and Hardware Company, Inc., d/b/a American Furniture Company, insuring against liability "in the operation of described motor vehicles in the Kansas City, Jackson County, Missouri, area"; that on or about December 22, 1970, the case of Suzetta Brown v. Larry D. Collins and O.K. Furniture & Hardware Inc., was filed in the Circuit Court of Jackson County, alleging injuries sustained as the result of the negligence of Collins in the operation of a vehicle owned by O.K. Furniture and Hardware Company, Inc., on August 31, 1970; that on or about January 14, 1971, the case of Laura E. Wisely v. Larry D. Collins and O.K. Furniture and Hardware Co., Inc., No. 744072, was filed in the Circuit Court of Jackson County, alleging injuries sustained by the same negligence on the same date; and that Collins:

"has been advised by Plaintiff that Plaintiff expressly reserves its right under its contract of insurance with Joseph F. Clark and O.K. Furniture and Hardware Company, Inc., d/b/a American Furniture Company to disclaim any liability for any judgment which might be recovered in the above-referred to law suits arising out of the occurrence of August 31, 1970."

In both of the state court petitions, defendant Collins is described as the "employee, agent and servant" of O.K. Furniture & Hardware Co., Inc., and, in Civil Action No. 743468, it is further alleged that the accident of August 31, 1970, occurred while Collins was operating the vehicle, a 1967 Ford one ton truck, "within the course and scope of his employment with defendant." The policy, according to the complaint, obligates the plaintiff herein to pay bodily injury liability and property damage liability on behalf of the insured, and further provides that:

"The company shall defend any suit alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent; but the company may make such investigation and settlement of any claim or suit as it deems expedient."

The "insureds" under the insurance policy are defined therein as follows:

"(a) With respect to the owned automobile, (1) the named insured and, if the named insured is an individual or husband and wife, any resident of the same household, (2) any other person using such automobile with the permission of the named insured, or if the named insured is an individual, with the permission of an adult member of his household, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, and (3) any other person or organization but only with respect to his or its liability because of acts or omissions of an insured under (a) (1) or (2) above."

 From the foregoing, it appears that the issues which will be raised in the case at bar, will be those which will necessarily be determined by the

state court in deciding the suits now pending there. In order for there to be a finding concerning liability against O. K. Furniture and Hardware Company, the state court must determine the issue whether Collins was acting within the scope of his employment when the accident of August 31, 1970, occurred as a result of his alleged negligence. This Court is asked to determine whether Collins was acting with permission of the named insured under the above policy provision. Under the circumstances, it appears that the two issues are the same. For injuries negligently inflicted within the "scope of employment" it is said that the master's liability depends upon his consent, express or implied, to his servant's acts. Robards v. P. Bannon Sewer Pipe Co., 130 Ky. 380, 113 S.W. 429. Acts are within the scope of employment if they are authorized by the employer, either expressly or by fair implication from the nature of the duties to be performed. O'Connell v. United States (E.D.Wash.) 110 F.Supp. 612. It is also held that "consent" and "permission" have substantially the same meaning, Didlake v. Standard Ins. Co., 195 F.2d 247 (10th Cir.); and in Western Casualty & Surety Company v. Strozier, 67 Ga.App. 41, 19 S.E.2d 433, 435, it was expressly held that where there was no express consent or prohibition to use the employer's truck, implied consent for the use of the truck by an employee extends only to scope of employment and when the employee is outside the scope of his employment, he is outside employer's "permission." See also Beatty v. Western Pac. Ins. Co., 74 Wash.2d 530, 445 P.2d 325; Boehringer v. Continental Cas. Co., 7 Wis.2d 201, 96 N.W.2d 353, 355. "Permission," like "scope of employment," depends ultimately upon the "right to control." Haynes v. Linder, Mo.App., 323 S.W.2d 505.

Under these circumstances, absent any allegations in the state court petitions that Collins was operating the vehicle under the *express* consent of O.K. Furniture and Hardware, Inc., it appears that this Court is being called upon to resolve the same issue which will necessarily be decided in the state court proceedings—whether Collins was operating the vehicle with the implied permission of defendant O.K. Furniture and Hardware as shown by the scope of his employment with O.K. Furniture and Hardware. In Brillhart v. Excess Insurance Company of America, 316 U.S. 491, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620, 1625, it was held that "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." That principle apparently applies in the case at bar to require this Court to dismiss the complaint herein within its discretion under the Declaratory Judgment Act.

This Court is mindful that in Provident Tradesmen's Bank & Trust Co. v. Patterson, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936, the Supreme Court held the *Brillhart* principle inapplicable when a party not appropriately represented in the state court proceedings sought to litigate the "permission" of a driver under a similar policy when the issue which would be decided in the state courts was the issue of "agency." In that case, the Supreme Court stated as follows:

"Resolution of the 'agency' issue in the state court would have had no bearing on the 'permission' issue even if that resolution were binding on Lynch's estate." 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936.

But "agency" encompasses a wider and more amorphous scope than does "employment," which has explicitly been held to control on the question of "permission," absent any issue of "express" permission. Further, under the admitted terms of the insurance policy, American States Insurance Company is bound to defend the state court actions on behalf of O.K. Furniture and Hardware, Inc. If it is correct that, under the circumstances of this case, "permission" and "scope of employment" are synonymous, it should have to do no more than would

be necessary in defending the suit for O.K. Furniture and Hardware, Inc., to satisfy any obligation which it might have to defendant Collins.

For the foregoing reasons, it was ordered on May 29, 1971, that plaintiff show cause in writing why this action should not be dismissed in the sound discretion of the Court.

In its response filed on June 1, 1971, plaintiff contended that the complaint should not be dismissed (1) because the state actions would not necessarily litigate the issue of permission sought to be raised herein; and (2) because the state court actions cannot determine the plaintiff's duty to defend the suits in those courts. Both contentions are not meritorious for the following reasons.

■ As noted above, the lone issue respecting coverage which the plaintiff seeks to have determined in this Court is that of the "permission" of Collins to operate the vehicle owned by the insured O.K. Furniture and Hardware, Inc. According to the copy of the policy attached to the complaint, the word "insured" includes "any other person using [the insured 'owned'] automobile with the permission of an adult member of his household, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission." In Brown v. Collins and O.K. Furniture & Hardware, Inc., No. 743468, in the Circuit Court of Jackson County, it is alleged that defendant Collins was operating a 1967 Ford one ton truck "within the course and scope of his employment with defendant, O.K. Furniture & Hardware, Inc." Similarly, in Wisely v. Collins, No. 744072, in the same state court, it is alleged that "defendant Collins was the agent, servant and employee of defendant O.K. Furniture and Hardware and the operator of the 1967 Ford truck at the time of the accident was within the course and scope of his employment with O.K. Furniture." Therefore, the issue of whether defendant Collins was within his scope of employment

when the accident happened is bound to be litigated in the state court actions. The findings on this issue will be conclusive of the "permission" issue which is sought to be litigated in this action. The scope of employment, as defined by applicable law is equivalent to the scope of consent or permission, "the 'scope of employment' being merely the measuring rod by which it can be determined whether the employee was acting with the 'implied consent' of the employer." Western Casualty & Surety Company v. Strozier, *supra*, 19 S.E.2d at 434. In that case, it was said:

> "As respects liability of an insurer on a liability policy covering an employer's truck where there is no *express* consent or *prohibition* to use the truck, the implied consent for use of the truck by an employee extends only to the scope of the employment, and when the employee is outside the 'scope of his employment,' he is outside the employer's consent (permission); the terms 'scope of employment' and 'consent' being coextensive * * * Gray v. Sawatzki [291 Mich. 491, 289 N.W. 227]. 'If it was done in the course of the servant's employment, and in furtherance thereof, the law will regard the act as having been impliedly authorized by the master.' Thompson v. Wright, 109 Ga. 466, 469, 34 S.E. 560, 561."

Nor can it be said that the litigating in the state courts of the issue of scope of employment will exclude any consideration of whether explicit permission was given. Any act *specifically* or impliedly directed by the master, or any conduct which is the ordinary and natural incident or result of that act is within the "scope of employment." Porter v. South Penn Oil Co., 125 W.Va. 361, 24 S.E.2d 330, 332. Missouri law is settled on the proposition that one operating a vehicle as an employee or servant is necessarily within the scope of "permission" as that term is used in omnibus insurance policy clauses.[1] In Rainwater v. Wallace, Mo.

1. In American Bus Lines, Inc. v. American Surety Company of New York (D.

Colo.) 238 F.Supp. 589, it is implied that "permission" has a broader meaning than

App., 169 S.W.2d 450, 451, it was held that the question of whether an employee was using his employer's truck with the latter's permission:

" * * * boils down to the question as to whether Wallace was acting within the scope of his employment, and, consequently presumably using the truck with Klein's permission * *." *Id.*, at 456.

Therefore, the issue of permission will be fully litigated in the state actions. Plaintiff relies on Maryland Casualty Company v. Consumer Finance Service (C.A.3) 101 F.2d 514, in which it was held that, generally, a state action deciding the liability of an insured to a third party could not decide the liability of the insurer to the insured. "It is entirely conceivable," the Court noted in that case, "that there may be such liability on the part of Finance Service which is not within the policy coverage." *Id.* at 514–515. But the pleadings in this case do not fairly put in issue the entire question of policy coverage. By requesting relief against defendant Collins only in this regard in the form of, among other things, a declaration that "its Policy No. X24–0240690 provides Defendant Collins no coverage for the occurrence," plaintiff has elected not to dispute its duty to defend the state actions on behalf of O.K. Furniture & Hardware. Therefore, there can be no contention in this action that the truck allegedly being operated by Collins was not within the coverage of the policy. Plaintiff also cites Provident Tradesmens Bank & Trust Co. v. Patterson, *supra*. But as noted above, as apposite to this case, the holding in that case was predicated on the conclusion that "Resolution of the 'agency' issue in the state court would have had no bearing on the 'permission' issue even if that resolution were binding on Lynch's es-

tate." 390 U.S. at 127, 88 S.Ct. at 747, 19 L.Ed.2d at 955. But, under the applicable law, the determination of Collins' "scope of employment" by the state courts will be binding and conclusive on the "permission" issue. Hartridge v. Aetna Casualty & Surety Company (C.A. 8) 415 F.2d 809, is of no aid to plaintiff. In that case, a default judgment taken against the alleged employee only was held not to be conclusive on the issue of employment because "all that was adjudged in the default action against Reid was the issue of Reid's negligence." 415 F.2d at 813. But, in the state actions against both Collins, the alleged employee, and O.K. Furniture & Hardware, the alleged employer, the issue of scope of employment and, consequently, that of permission will necessarily be litigated.

Plaintiff states that, even if the permission issue will necessarily be litigated in the state actions, its duty to defend the suits against defendant Collins will not. It cites American States Insurance Company v. D'Atri (C.A.6) 375 F.2d 761, 763, in which it is said:

"Whether the insurance company is contractually obligated to defend and protect D'Atri involves considerations that are not relevant to whether or not D'Atri, as a matter of tort law, is liable for the damages incurred by Leona Fox. The question of timely notice, as required by the policy, for instance, has little to do with any claim of lack of due care that Leona may make against the insured. Since the plaintiff is not, and could not be, under Ohio law (see Steinbach v. Maryland Casualty Co., 15 Ohio App. 392 (1921)) a party to the state court action, it is powerless under the District Court's disposition of the case, presently to ascertain the scope of its liability. It must, consequently, defend a party to

"scope of employment." That Court recognized, however, that in cases involving employees, the concepts are likely to be coextensive and that one operating a vehicle within the scope of employment is also one operating it with permission:
 "Finally, even if scope of employment

were the proper test of coverage, the result here would be the same inasmuch as Hicken was at the time engaged in serving his master, was doing work of the kind authorized, and was within space if not time limits." *Id.* at 592–593.

214

whom it does not believe it owes a duty, or assume the risk that that party will go defenseless—or be defended by someone whose interests are adverse to those of the company. In either event, should a judgment be rendered against D'Atri, it must expose itself to future suits for collection, or bring another declaratory judgment action, and then assert the same theory it now seeks to have vindicated.

"We do not believe that, considering the purposes of the Federal Declaratory Judgment Act, the plaintiff should be forced into a waiting period of legal uncertainty respecting the obligations it has incurred in its policy."

See also Sears, Roebuck and Co. v. Zurich Insurance Company (C.A.7) 422 F.2d 587. But, in the case at bar, plaintiff cannot, under the plain terms of the contract, be in any doubt respecting its duty to defend. The policy provides:

"The company shall defend any suit alleging such bodily injury or property damage [because of which "the insured shall become legally obligated to pay damages"] and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent; but the company may make such investigation and settlement of any claim or suit as it deems expedient."

The allegations made in the state court actions, including that Collins was operating an insured vehicle within the scope of employment, require that plaintiff defend the suits on behalf of defendant Collins. No issue of "notice" by Collins under the policy is made by the pleadings. The policy only provides that

"In the event of an accident, occurrence or loss, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the in-

sured to the company or any of its authorized agents as soon as practicable."

The pleadings show that notice of the claim of the defendant Collins has been brought to the attention of the plaintiff. Plaintiff alleges that it has notified Collins that it reserved its right to disclaim liability for any judgment. In similar circumstances, it has been held that a letter denying coverage waives the policy requirement of demand to defend. Beck v. Pennsylvania (C.A.5) 429 F.2d 813. No contention of noncooperation is made. Noncooperation is a condition subsequent for the insurer to plead and prove. Ocean Accident & Guarantee Corporation v. Southwestern Bell Telephone Co. (C.A. 8) 100 F.2d 441, 445.

The foregoing analysis demonstrates that there is no actual justiciable controversy between the parties requiring or warranting an early declaratory judgment. The complaint herein should be dismissed under the doctrine of Brillhart v. Excess Insurance Company, *supra*, because the issues sought to be adjudicated in this action will necessarily be decided in the pending state court actions. It is therefore

Adjudged that this cause be, and it is hereby, dismissed.