**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a Corporation, Appellant,**

v.

**Roy A. BONWELL, Shelton A. Mick, Samuel T. Shaffner and Willie Marie Shaffner, Appellees.**

**No. 15767.**

United States Court of Appeals
Eighth Circuit.

Nov. 5, 1957.

Thomas E. Deacy, Kansas City, Mo., (Deacy & Deacy, Kansas City, Mo., O. W. Watkins, Jr., and Watkins & Watkins, St. Joseph, Mo., on the brief), for appellant.

Jack B. Robertson, Kansas City, Mo. (Rogers, Field, Gentry & Jackson, Kansas City, Mo., on the brief), for appellee Roy A. Bonwell.

Ronald L. Somerville, Chillicothe, Mo., (Pross T. Cross and Gerald Cross, Lathrop, Mo., on the brief), for appellees Samuel T. Shaffner and Willie Marie Shaffner.

J. B. Beavers, Cameron, Mo. (W. T. Harbison, Plattsburg, Mo., on the brief), for appellee Shelton A. Mick.

Before GARDNER, Chief Judge, and VOGEL and VAN OOSTERHOUT, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

This is an appeal by plaintiff insurer from judgment dismissing without prejudice its petition for declaratory judgment to determine its obligations under an automobile liability insurance policy issued by it. The question for our determination is whether the trial court abused its discretion in dismissing the petition. Jurisdiction based upon diversity of citizenship and the requisite amount is established.

Plaintiff alleged in its complaint that it issued to defendant Bonwell an automobile liability insurance policy, which contains, among other things, an exclusion (d) as follows: "Coverage A, to bodily injury of any employee of the insured arising out of and in the course of the insured's employment * * *," and further provides in the insuring agreement under "Definition of Insured" (subparagraph (2) of paragraph (a) of paragraph II) that "the insurance with respect to any person * * * other than the named insured * * * does not apply to * * * any employee with respect to bodily injury of another employee of the same employer injured in the course of such employment arising out of the maintenance or use of the automobile in the business of such employer." Plaintiff further alleged that on August 19, 1955, the Bonwell car covered by the policy was being driven by defendant Mick, and one Don Shaffner was riding with him; that the automobile was involved in an accident in which Don Shaffner received injuries which caused his death; that both Mick and Don Shaffner were employees of Bonwell at the time of the accident and that the accident arose out of and in the course of such employment; and that separate actions were instituted by the parents of Don Shaffner in the State Court of Missouri against Bonwell and Mick, seeking damages in each instance for the wrongful death of Don Shaffner. Plaintiff also alleged that the defendants, Bonwell and Mick, contend that the plaintiff is liable for any judgment against them in the state court actions. Plaintiff further asserted that it is not obligated under its policy because the pleaded facts fall within the liability exclusions of the policy. Plaintiff prayed for judgment declaring that it is under no obligation to appear and defend state court actions against Bonwell and Mick, and that it is under no liability to pay any judgment for damages that may be rendered in such actions. Bonwell, Mick, and the parents of Don Shaffner were all made parties defendant in this action.

Bonwell filed a verified motion to dismiss, alleging that the court lacked jurisdiction because of prior pending state court suits; and contending further that, if jurisdiction exists, the trial court, in the sound exercise of its judicial discretion, should decline to accept jurisdiction, pointing out that in the state court action for wrongful death of Don Shaffner it is alleged that said decedent was not an employee of Bonwell at the time of the fatal accident; that plaintiff is bound to defend the state court action against Bonwell even if groundless; that plaintiff has appeared in the state court on behalf of Bonwell and filed motion for more specific statement; and that plaintiff, having undertaken the defense of the state court action, should not be permitted to maintain this action. Mick filed a similar verified motion to dismiss, but, in addition, contended that there was no controversy between the plaintiff and Mick because plaintiff had previously disclaimed any liability to Mick under its policy. The defendants Samuel T. Shaffner and Willie Marie Shaffner filed similar motion to dismiss. Plaintiff and Bonwell signed an agreement to the effect that the plaintiff, by defending the state court action against Bonwell, did not waive its right to deny liability under the policy.

■ On the jurisdiction issue, the trial court stated:

" * * * The plaintiff is a nonresident, the defendants are residents of Missouri, the statutory amount exists, and there is a justiciable controversy between the parties. Of course, the plaintiff has an adequate remedy at law under the laws of the State of Missouri, but that fact of itself does not prevent this court from accepting jurisdiction, if, in the interest of justice and the exercise of sound discretion, it ought to do so."

We agree with the trial court's conclusion that it had jurisdiction.

The trial court, in the exercise of its judicial discretion, determined that it should not accept jurisdiction.

Federal courts have a discretionary power to determine whether or not to exercise jurisdiction in declaratory judgment actions. We believe that the trial court followed the proper legal standards in this case in reaching the conclusion that it did.

The Supreme Court in Brillhart v. Excess Insurance Co., 316 U.S. 491, at pages 494–495, 62 S.Ct. 1173, at page 1175, 86 L.Ed. 1620, states:

"Although the District Court had jurisdiction of the suit under the Federal Declaratory Judgments Act, 28 U.S.C.A. § 400, it was under no compulsion to exercise that jurisdiction. The petitioner's motion to dismiss the bill was addressed to the discretion of the court. * * * The motion rested upon the claim that, since another proceeding was pending in a state court in which all the matters in controversy between the parties could be fully adjudicated, a declaratory judgment in the federal court was unwarranted. The correctness of this claim was certainly relevant in determining whether the District Court should assume jurisdiction and proceed to determine the rights of the parties. Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided."

In Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200, which involved multiple litigation in the federal judicial system, the Court states that the Federal Declaratory Judgments Act, 28 U.S.C.A. §§ 2201, 2202 has created many complicated problems and indicates that each case must be determined on its own peculiar facts. The Court lays down for guidance the following general principles (342 U.S. at pages 183–184, 72 S.Ct. at page 221):

"* * * * Wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems. The factors relevant to wise administration here are equitable in nature. Necessarily, an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts. * * * *"

In Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321, Judge Parker deals extensively with the history and purpose of the Declaratory Judgments Act. The court states (at page 324):

"As said by Judge Knight in the case of Automotive Equipment Co. v. Trico Products Corporation [D. C., 11 F.Supp. 292], however, the discretion to grant or refuse the declaratory relief 'is a judicial discretion, and must find its basis in good reason,' and is subject to appellate review in proper cases. We think that this discretion should be liberally exercised to effectuate the purposes of the statute and thereby afford relief from uncertainty and insecurity with respect to rights, status and other legal relations * * * but it should not be exercised for the purpose of trying issues involved in cases already pending, especially where they can be tried with equal facility in such cases, or for the purpose of anticipating the trial of an issue in a court of co-ordinate jurisdiction. The object of the statute is to afford a new form of relief where needed, not to furnish a new choice of tribunals or to draw into the federal courts the adjudication of causes properly cognizable by courts of the states. * * * *"

Indemnity Insurance Co. of North America v. Schriefer, 4 Cir., 142 F.2d 851, deals with a declaratory judgment

action by an insurer. The factual situation there is quite similar to that in the present case. Declaratory relief was denied. In response to the insurer's contention that it would not be liable for a judgment against its insured because of a policy exclusion, the court states (at page 853):

"* * * this is a defense which, if controverted by the insured, can be asserted as well after the conclusion of the suit in the state court, as it can now, and, if the company prevails in that suit, there will, of course, be no occasion to assert it at all. There could be no possible justification for dragging into the federal court the litigation of the issues pending in the state court, for the sake of obtaining a declaratory judgment as to a matter which will have no practical significance if the defendants prevail in the state court, and which the company can litigate as well after the termination of the state court litigation as now, if the defendants do not prevail. * * *"

■ It is quite true that declaratory relief should not be denied solely because another adequate remedy is available. Rule 57 Federal Rules of Civil Procedure, 28 U.S.C.A.

The fact that there is a prior pending state court action does not compel a federal court to deny declaratory relief. However, such pending action, particularly where there is an identity of issues, is an important factor to consider. In Annotation, 142 A.L.R. 8, at pages 40–41, the author states:

"One of the most difficult situations in which the court is called upon to exercise its discretion in assuming or refusing jurisdiction to render a declaratory judgment is that arising where there is already pending in another court an action involving some or all of the interested parties and issues involved in the declaratory action. * * *

"Generally, it may be said that jurisdiction of an action for declara-

tory relief as reflected by cases involving insurance policies will not be assumed or entertained where there is already pending another action or proceeding to which the same persons are parties, in which are involved and may be adjudicated the same identical issues that are involved in the declaratory judgment action. * * *"

Appleman, Insurance Law and Practice, Vol. 20, defines "discretion" as follows (p. 80):

"The term 'discretion', as used in declaratory judgment actions, refers to the power exercised by the courts to determine questions to which no strict rule of law is applicable, but which, from their nature and the circumstances, are controlled by the court's personal judgment."

Since the facts of each case differ and each case must be decided upon its own facts, little purpose would be accomplished in discussing in detail the many cases considering the abuse of discretion issue.

The plaintiff urges that this court in Campbell v. American Farmers Mutual Ins. Co., 238 F.2d 284, and State Farm Mutual Automobile Ins. Co. v. Brooks, 136 F.2d 807, has upheld the right of the insurer to determine in a declaratory judgment action the employment status of a person in the situation of the accident victim in this case, within the meaning of an insurance policy exclusion clause.

The plaintiff is correct in its contention that in each of these cases the court determined, in a declaratory judgment proceeding, that there was no insurance coverage under the circumstances existing in the case, since the employee was within the exclusion provision of the policy. The policy exclusions there involved were similar to those in the policy we are considering in the present case. In each of the cited cases the court found the injured person was an employee; that the employee was engaged in the business of the insured, while riding in a vehicle of the insured, operated by a fellow em-

ployce; and, hence, because of the policy exclusion, the insurer incurred no liability under the policy. However, each of said cases involved a trial on the merits. There is nothing in the opinion in either of the cited cases to indicate that any motion to dismiss the declaratory judgment action was filed, or that the court was called upon to exercise its discretion upon the issue of accepting jurisdiction. The cases go no further than to support the jurisdiction of the trial court to determine the exclusion issue in declaratory judgment proceedings, and upon this issue of jurisdiction the trial court in the present case has found for the plaintiff. There is nothing in the opinion in either the Campbell or Brooks case dealing with the question of the discretion of the trial court to decline to accept jurisdiction.

We proceed with the application of the foregoing principles to the facts in this case.

The trial court in its opinion states:

"In order to determine the liability of the plaintiff under the terms of its policy, it will be necessary for the court to determine the very issue of liability as between the plaintiff and the defendant Bonwell. If the deceased at the time of his death was in the employ of the defendant Bonwell, then his death was the result of an act of a fellow servant, and the insured would not be liable. Of course, it would naturally follow that there could be no liability against the plaintiff."

The Missouri court recognizes the general rule that an employer is not liable for the death or injury of an employee where the death or injury results from the negligence of a fellow employee. Boston v. Kroger Grocery & Baking Co., 320 Mo. 408, 7 S.W.2d 1006. In that case liability was denied because of the fellow servant defense, where an employee, serving as a helper, was injured by the negligent operation of his employer's truck by a fellow employee.

It is true, as stated by the plaintiff, that the fellow servant rule is subject to some exceptions. See McCall v. B. Nugent Bros. Dry Goods Co., Mo., 236 S.W. 324.

We feel that the experienced trial court, who is well informed on Missouri law, was justified in believing that a decisive issue in the state court action likely would be the same issue as that involved here, namely whether decedent was a fellow servant of the driver of the car and was acting within the scope of his employment. Plaintiff has assumed the defense of the state court action against Bonwell, and certainly is in a position to assert the fellow servant defense there. No reason appears why it would not be advantageous for both the insured and the insurer to interpose such defense in the state court, if the proper evidentiary support therefor is available. As the trial court states in its opinion, if this defense is presented in the state court and prevails, there would be no liability upon either the plaintiff or the insured. There is nothing before us to indicate that an exception to the fellow servant rule will be asserted or established in the state court action. If the state court action should take such a turn, the plaintiff would still have a right to litigate its non-liability under the policy. See State ex rel. Farmers Mutuals Automobile Ins. Co. v. Weber, 364 Mo. 1159, 273 S.W.2d 318, 322.

In the pleadings in the state court damage actions, it was asserted that Don Shaffner was not at the time of the accident an employee of Bonwell acting in the course of his employment. If the plaintiff or the insured owner chooses to raise the fellow servant defense, there is adequate reason for saying that such fact issue should be determined in the pending damage cases. Such issue presents a material fact question upon which the parties would be entitled to a jury trial upon request in a declaratory judgment action if it were to be determined in such proceeding. See Johnson v. Fidelity & Casualty Co. of New York, 8 Cir., 238 F.2d 322.

There is a reasonable basis for the court's exercise of its discretion in favor

of permitting the issues in the damage suits to be tried in the usual and ordinary way in the state court, rather than to attempt, in the proceeding here involved, to bind the claimants in the state court by an adjudication which might bar their right to recover upon the basis of the fellow servant doctrine.

■ The plaintiff further contends that it is entitled to declaratory relief in the form of a present determination of its obligation to defend the pending state court actions. The plaintiff by its policy assumed the following obligation: "To defend any suit against the insured alleging such bodily injury or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent." After the filing of the state court actions, the plaintiff wrote Bonwell, in part, as follows:

"However, there is a declaration in the petition brought against you in the above mentioned action in paragraph 2 thereof, as follows: 'but that at said time, deceased was not an employee of defendants, was not in the line of any duty for or course of employment by defendant.'

"You have previously advised that Don Thomas Shaffner was your employee at the time of the accident, and we assume, therefore, that the allegation in the petition is not true. Nevertheless, because of that allegation, we will undertake to defend said action until such time as the employment status of Don Thomas Shaffner can be further clarified. * * *"

The plaintiff, before the commencement of the present action, had disclaimed liability as to Mick and had refused to defend him.

Appleman, Insurance Law and Practice, Vol. 8, states (p. 8):

"An insurer's duty to defend an action against the insured is measured by the allegations in the plaintiff's pleadings, and if such pleadings state facts bringing the injury within the coverage of the policy, the insurer must defend, irrespective of the insured's ultimate liability to the plaintiff. * * *"

See, also, Pennsylvania R. Co. v. Travelers Ins. Co., 6 Cir., 226 F.2d 520, 522; American Fidelity & Casualty Co. v. Service Oil Co., 4 Cir., 164 F.2d 478, 480; Marshall's United States Auto Supply Inc., v. Maryland Casualty Co., 354 Mo. 455, 189 S.W.2d 529, 532.

The state court complaints positively assert that the decedent, Don Shaffner, was not an employee, acting in the course of his employment at the time of the accident. If this statement is true, there is unquestionably insurance coverage. In any event, the issue in the declaratory judgment action pertaining to the insurer's obligation to defend would present no more than a factor for the consideration of the court upon the issue of the exercise of discretion.

A consideration of all the facts and circumstances disclosed by the record before us fails to convince us that the trial court abused its discretion in dismissing plaintiff's petition without prejudice. Considerable latitude of necessity must be given the trial court in the exercise of its discretion. We cannot say that the action of the trial court was unreasonable, arbitrary, or capricious.

The judgment appealed from is affirmed.