**STATE FARM MUTUAL AUTOMOBILE INSURANCE, a corporation, Plaintiff,**

v.

**John MOORE, Sylvia D. Wilson and Jennie V. McDole, Defendants.**

**Civ. No. 191–59.**

United States District Court
D. Oregon.

Sept. 18, 1959.

Vergeer & Samuels and C. S. Crookham and Frederick P. Roehr, Portland, Or., for plaintiff.

Ramstead & Avrit, Eugene, Or., for defendant.

SOLOMON, Chief Judge.

Plaintiff, State Farm Mutual, filed this action for a declaratory judgment to establish that it is obligated neither to defend defendant Moore in a state court action now pending nor to indemnify him for any liability incurred in such action.

In February, 1959, Moore, while driving a vehicle insured by plaintiff for liability arising from accidental injuries, collided with a vehicle carrying defendants Wilson and McDole.

Wilson and McDole each brought an action in the state court against the defendant Moore, alleging two causes of action for (1) general damages for injuries caused by Moore's negligent operation of the vehicle, and (2) general damages in an identical amount plus $2,500 exemplary damages for injuries caused by Moore's "wanton misconduct" in operating the vehicle.

Plaintiff notified Moore of its intention to defend under reservation of rights. It also called Moore's attention to its policy exclusion against liability for its insured's wanton misconduct and notified Moore of its determination that the collision had, in fact, resulted from his wanton misconduct.

Plaintiff's attorneys undertook Moore's defense in the state court action and thereafter brought this declaratory judgment action.

Moore moved in the state court to oust plaintiff's attorneys from acting as his attorneys in such action. Plaintiff's attorneys opposed the motion, and it was denied by the state court.

Moore then moved in this court to dismiss the declaratory judgment action on the following grounds:

(1) The court lacks jurisdiction because the action fails to provide a controversy of sufficient immediacy to constitute a justiciable controversy under the Declaratory Judgment Act, 28 U.S.C.A. § 2201 et seq.

(2) Regardless of the existence of jurisdiction, the court should exercise its discretion and dismiss the action because the central issue in the Declaratory Judgment Act, namely, whether Moore was guilty of wanton misconduct, is an issue which must necessarily be determined in the state court action.

The case of State Farm Mutual Automobile Ins. Co. v. Bonwell, 8 Cir., 1957, 248 F.2d 862, is directly in point. There, the liability of the insured hinged upon a finding that the tort claimant was not an employee of the insured, since liability to a "fellow servant" was excluded from coverage by the terms of the policy. As in the instant case:

(1) The tort claimant initially sued in the state court.

(2) The insurer undertook the defense of the state court action under reservation of rights.

(3) The insurer brought a declaratory judgment action in the Federal Court to be relieved of the obligation to defend or indemnify the insured.

**522**

(4) The tort claimant's status as a "fellow servant" would necessarily be determined in the state court action since the "fellow servant" rule was recognized in Missouri as a defense.

■ The court in the Bonwell case found that a justiciable controversy existed between the insurer and the insured and concluded that the court had jurisdiction. The authorities uniformly support this conclusion. Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826. I am satisfied that this court has jurisdiction in the present case.

■ The most substantial issue presented by defendant's motion to dismiss is whether the court, as a matter of discretion, should decline to exercise jurisdiction. We have previously observed that the issue which must be tried in this court if we are to determine the insurer's obligations to Moore is an issue which must necessarily be determined in the state court action. This issue is whether Moore was guilty of wanton misconduct. Similar problems were involved in Brillhart v. Excess Ins. Co., 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620, and in the Bonwell case, supra.

The Brillhart case held that the trial court's failure to consider whether the matters in controversy would be fully adjudicated in a pending state court action was an abuse of discretion. In the Bonwell case the Court of Appeals affirmed a discretionary dismissal on the ground that the "trial court * * * was justified in believing that a decisive issue in the state court action likely would be the same issue as that involved here * * *." [248 F.2d 867.] The factors which motivated the court to dismiss in the Bonwell case are equally applicable here.

The fact that the plaintiff seeks to be relieved of the obligation to defend the state court action as well as to be relieved of the obligation to indemnify the defendant does not disturb this conclusion. We must assume that plaintiff's claim to be relieved of Moore's defense is dependent upon a holding by this court that Moore was guilty of wanton misconduct. In the Bonwell case, the plaintiff's claim to be relieved of the defendant's defense was similarly dependent upon the principal issue on the case; the court there held, "* * * [T]he issue in the declaratory judgment action pertaining to the insurer's obligation to defend would present no more than a factor for the consideration of the court upon the issue of the exercise of discretion." We agree. As a matter of discretion, this court will refuse to exercise jurisdiction in this case.

Defendants' motion to dismiss is granted.