**HOME INDEMNITY COMPANY, NEW YORK, a corporation, Plaintiff,**

v.

**Roy A. LECHNER, George A. Lechner, Anna C. Lechner, Tommy H. Berkshire, Rice E. Berkshire, J. M. Dowell and Ollie Dowell, Defendants.**

**No. 2413–SD–W.**

United States District Court
S. D. California, S. D.
Feb. 6, 1961.

Sterling Hutcheson, San Diego, Cal., Charles F. Sturdevant, Jr., El Centro, Cal., R. Reaves Elledge, Jr., Gray, Cary, Ames & Frye, San Diego, Cal., for plaintiff.

McInnis, ·Focht & Fitzgerald, San Diego, Cal., for defendants Lechner.

William J. Mansell, Los Angeles, Cal., and Victor A. Gillespie, Brawley, Cal., for defendants Berkshire.

Dickenson, Sattinger & McKee, El Centro, Cal., for defendants Dowell.

WEINBERGER, District Judge.

The amended complaint for declaratory relief states that a controversy exists between plaintiff and defendants herein as to plaintiff's duties and obligations under a certain insurance policy, as to whether Roy A. Lechner, a minor, or his parents are insureds under the policy, and whether plaintiff has any duty to provide .the Lechners with a defense in a certain Superior Court action, or to pay any judgment that might be rendered against them in said action.

The policy involved was issued by the plaintiff to Will and Ann Love, and insured their automobile.

The Superior Court action was filed by the Dowells, parents of a minor who was killed in a collision between the insured automobile and the car in which the deceased minor was riding. The latter car was driven by Tommy H. Berkshire, also a minor. The Lechners, the Berkshire minor and his father, Ann Love, one of the named insureds, and their daughter Margie Love are made defendants in the Superior Court action.

All of the defendants in the Superior Court action are made defendants in the declaratory relief action before this Court, except the named insureds and their daughter, who are not parties here.

The Superior Court complaint, in addition to charging negligence against the Berkshires, charges negligence against the Lechners and Ann and Margie Love, alleging that the insured car was being "driven, operated, controlled and managed by Roy A. Lechner, and Margie Love, as the agents, servants and employees of Ann Love, acting within the course and scope of their agency, service and employment, and with the permission and consent, express or implied of said Ann Love * * *."

The Loves have answered in the Superior Court action and have admitted that at the time of the accident the Love automobile was driven by Roy A. Lechner, but have denied all the other allegations specified above.

The complaint for declaratory relief alleges that the Lechners claim:

"Roy A. Lechner was using said 1957 Ford at the time of the alleged collision with the permission of the named insured under said policy and that therefore, Roy A. Lechner, George A. Lechner and Anna C. Lechner are additional insureds under said policy."

The said complaint further alleges that the Lechners claim that the plaintiff insurance company has a duty under said insurance policy to provide them a defense in said Superior Court action; the company states it contends:

"Roy A. Lechner was not driving said 1957 Ford with the permission of the named insured or of any insured under said policy * * * and that neither Roy A. Lechner nor George A. Lechner nor Anna C. Lechner is an insured under said policy and plaintiff denies that it has a duty to defend said three defendants."

It is also alleged in the said complaint:

"There has been no claim made by Willie Lee Love or Ann Love or Margie Love concerning the question of whether Roy A. Lechner, George A. Lechner or Anna C. Lechner are insureds under said policy."

The Berkshires have answered the amended complaint for declaratory relief and have asked that the court declare the Lechners are additional insureds for any claim arising out of the accident and the insurance company is obligated to furnish the Lechners with a defense and to pay any judgment rendered against the Lechners in the Superior Court action.

The Dowells (plaintiffs in the Superior Court action) have not pleaded to the amended complaint for declaratory relief, but to the original complaint they interposed a motion to dismiss based upon grounds similar to the motion of the Lechners hereinafter considered.

The Lechners have moved to dismiss the amended complaint for declaratory relief on several grounds:

A.   The complaint herein fails to state a cause of action.

B.   The issue of whether or not Roy A. Lechner was operating the 1957 Ford automobile with the permission of the named insured is an issue in the Superior Court action.

C.   The issues presented by the complaint herein are not construction of the insurance policy or interpretation of the insurance policy, but an attempt to adjudicate a factual issue of permission between the parties which issue is awaiting decision in the Superior Court action.

D.   The Court in its discretion under Rule 57 of the Federal Rules of Civil Procedure, 28 U.S.C.A., should dismiss the action.

■   On the question of whether a cause of action is stated of which this Court has jurisdiction, we find that jurisdiction of a cause of action for declaratory relief appears from the complaint: the plaintiff is a non-resident, the defendants are residents of California, the statutory amount is present, and there is a justiciable controversy, at least between the insurance company and the Lechners. Section 2201 of Title 28 U.S.C.A.; Maryland Casualty v. Pacific Coal & Oil Co. et al., 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826; State Farm Mutual Auto-

mobile Insurance Co. v. Bonwell, 8 Cir., 248 F.2d 862, 864.

■ Once having found jurisdiction under the pleadings in a declaratory relief action, the court is under no compulsion to exercise such jurisdiction. Brillhart v. Excess Insurance Company, 316 U.S. 491, 494, 62 S.Ct. 1173, 86 L.Ed. 1620. The word "may" in Section 2201 of Title 28 U.S.C.A. does not mean "shall", but the discretion granted by the word "may" must be reasonably exercised. Sani-Top, Inc. v. North American Aviation Inc., 9 Cir., 261 F.2d 342, 344.

The reported cases give us several guides in the exercise of that discretion.

Where the claim is made, as here, that another proceeding is pending in a state court in which matters in controversy can be adjudicated, the correctness of such claim has an important bearing on the question of whether jurisdiction should be exercised. Brillhart v. Excess Insurance Company, 316 U.S. 491, 495, 62 S.Ct. 1173, 86 L.Ed. 1620.

Such claim has weight for a great many reasons:

■ 1. The basic axiom that the court which has first acquired jurisdiction of the controversy and of the parties should be permitted to determine all aspects of the controversy without interference from another court. Utilities Insurance Company v. Ledford et al., 6 Cir., 255 F.2d 123, 125.

■■ 2. The declaratory relief statute should not be used for the purpose of anticipating the trial of an issue in a court of co-ordinate jurisdiction. The object of the statute is to afford a new form of relief where needed and not to furnish a new choice of tribunals or to draw into federal courts the adjudication of causes properly cognizable by courts of the states. Aetna Casualty & Surety Company v. Quarles, 4 Cir., 92 F.2d 321,

324; National Cancer Hospital of America v. Webster, 2 Cir., 251 F.2d 466, 468.

■ 3. The declaratory relief statute should not be used to secure a judgment which would impinge on a state proceeding and which might result in a conflict between the decisions of state and federal courts. H. J. Heinz Co. v. Owens, 9 Cir., 189 F.2d 505, 508.

■ 4. The statute should not be used to try a case piecemeal. Doby v. Brown, 4 Cir., 232 F.2d 504, 506.

■ 5. Ordinarily it is uneconomical as well as vexatious [1] for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of state court litigation should be avoided. Brillhart v. Excess Insurance Company, 316 U.S. 491, 494, 495, 62 S.Ct. 1173, 86 L.Ed. 1620.

■ Plaintiff in the declaratory relief action maintains that it is seeking a declaration as to whether it is obligated to defend the Lechners in the state court action, and whether it shall be liable in damages for any judgment against the Lechners; that the matters set forth in the declaratory relief action involve the question of "coverage"; that the question of "coverage" cannot be adjudicated in the damage action. We agree that the question of insurance cannot be put in issue in the state court action, since plaintiff is not and can never be a party to an action for damages for wrongful death. But we do not agree that "coverage" is the real issue which the insurance company seeks to have heard in its action for declaratory relief. We do not feel that the company is greatly concerned about whether or not it should defend Lechner. It is obligated under

---

1. See Report of Senate Judiciary Committee recommending increase of jurisdictional amount in diversity cases, U.S. Code Congressional and Administrative News, Vol. 2, 1958, p. 3104:

"This authority to resort to the Federal rather than to State courts in diversity cases has led to abuse. The great increase in diversity cases in recent years has placed great burdens on the Federal judiciary * * *."

the policy to defend the named insureds and has already assumed such defense; and the defense of Lechner would cause no great hardship upon the company. The opinion in State Farm Mutual Automobile Insurance Company v. Bonwell et al., 8 Cir., 1957, 248 F.2d 862, contains pertinent language. There the policy excluded from coverage employees causing negligent injury to a fellow employee. In an action by the insurer for declaratory relief in the District Court, the judge held that the decisive issue in the state court would likely be the same issue as was involved in the federal court, namely, whether decedent was a fellow servant of the driver of the car and was acting within the scope of his employment. The Court of Appeals, in sustaining the dismissal of the declaratory relief action, said: (at page 867)

"* * * Plaintiff has assumed the defense of the state court action against Bonwell (named insured) and certainly is in a position to assert the fellow servant defense there. No reason appears why it would not be advantageous for both the insured and the insurer to interpose such defense in the state court, if the proper evidentiary support therefor is available. * * *"

On the subject of whether the insurer was entitled to have decided in federal court the question of its duty to defend in the state court action, the Court noted that the insurer had already assumed the defense of the named insured, and at page 868 of its opinion, cited Appleman, Insurance Law and Practice, Vol. 8, p. 8, as follows:

" 'An insurer's duty to defend an action against the insured is measured by the allegations in the plaintiff's pleadings and if such pleadings state facts bringing the injury within the coverage of the policy, the insurer must defend, irrespective of the insured's ultimate liability to the plaintiff. * * *' "

Also cited by the Court at page 868 on the point just discussed: Pennsylvania R. Co. v. Travelers Ins. Co., 6 Cir., 226 F.2d 520, 522 and American Fidelity & Casualty Company v. Service Oil Co., 4 Cir., 164 F.2d 478, 480.

Referring to the pleadings in the state court, the opinion at page 868 of 248 F.2d noted:

"The state court complaints positively assert that the decedent, Don Shaffner, was not an employee, acting in the course of his employment at the time of the accident. If this statement is true, there is unquestionably insurance coverage. In any event, the issue in the declaratory judgment action pertaining to the insurer's obligation to defend would present no more than a factor for the consideration of the court upon the issue of discretion."

Of prime assistance to this Court is an opinion of the Sixth Circuit in Utilities Insurance Company v. Ledford, 1958, 255 F.2d 123. Two cases were filed in the county court against the named insured, both complaints claiming the car involved in the accident was being driven with the permission of the named insured, and one claiming that the driver was the agent of the named insured. The Court of Appeals sustained the District Judge who, relying upon Brillhart v. Excess Ins. Co., 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620, dismissed the declaratory relief action brought by the insurer, upon the Court's own motion. At page 125 of 255 F.2d, the Court of Appeals stated:

"Generally, declaratory judgment suits by casualty insurers are brought in the District Court for the purpose of determining whether the insurer shall be required to defend the insured in a state court case. Here there is no such question; there is no controversy between appellant and Ledford, its insured; *the appellant is required to defend Ledford in the state actions on any basis of his alleged liability, and as well, to defend Ivan Evans, the driver of Ledford's car who is alleged to have driven the car with Ledford's permission which under the policy the appellant was required*

*to do should such permission be established."* (Emphasis ours.)

"No rights of the appellant will be foreclosed by the trials in the state court actions; its obligation to defend Ledford, and the driver of his car by permission, requires it to assume any fancied embarrassment or disadvantage before a jury by the presence of its counsel in a trial in the state court where others than its insured are parties. * * *

"The fact issue of Evans' permissive use of Ledford's vehicle would be determined at some point in the state court litigation. The only thing the District Court could do if it heard this case would be to determine in advance the fact issues which would appear in the state court actions, if not in the trial, then at the latest in supplementary proceedings in aid of execution.

"Accordingly, we think the principles found in Brillhart v. Excess Ins. Co., supra, and relied upon by the trial judge, amply support his exercise of judicial discretion in refusing to hear, and in dismissing this matter."

It is evident to this Court that the real issue which the plaintiff here seeks to have adjudicated is the issue of permissive driving. Counsel for the defendants have charged that this declaratory relief action constitutes an attempt to remove such issue from the consideration of a jury. We do not attach importance to this phase of defendants' argument, because Rule 57 of the Federal Rules of Civil Procedure preserves the right to jury trial as provided in Rules 38 and 39. If this Court were to accept jurisdiction of the declaratory relief action, a jury trial on the factual issue of whether Roy Lechner was driving with permission of the named insured could not be denied. Johnson v. Fidelity & Casualty Co. of N. Y., 8 Cir., 238 F.2d 322, 324; Oklahoma Contracting Co. v. Magnolia Pipe Line Co., 195 F.2d 391, 396, certiorari denied 344 U.S. 921, 73 S.Ct. 388, 97 L.Ed. 710; Firemen's Ins. Co. of Newark v. Smith, 8 Cir., 180 F.2d 371, 374; Pacific Indemnity Co. v. McDonald, 9 Cir., 107 F.2d 446, 448, 131 A.L.R. 208.

The plaintiff cites Maryland Casualty Co. v. Consumers Finance Service Inc. of Pennsylvania, 3 Cir., 1938, 101 F.2d 514, the opinion by Judge Maris, as authority for plaintiff's statement that where the question which determines the insurer's obligation to defend and indemnify a certain party defendant cannot be raised in the pending liability suit, the Court would abuse its discretion in dismissing the declaratory action. In that case, the policy provided that the parties insured included the named insured, Finance Service, and other persons using its automobiles or responsible for their use if used with the permission of the named insured for the purposes designated in the policy; it also provided that no employee of a garage, repair shop, sales agency, service station or public parking place could be deemed an insured. An employee, Smith, of the named insured had turned the Finance Service automobile over to the employee of a sales agency, Huddy, and the latter was driving it in an attempt to assist Smith. The insurance company refused to defend the named insured, Finance Service, and brought an action in declaratory relief to have the court declare its rights under the policy.

We do not think the case just discussed is in point; it is true that there was a dispute as to "coverage", and this dispute would be resolved by an answer to the question of whether Huddy was an employee of a sales agency and thus within the inclusion clause of the policy. Such question was not likely to be an issue in the state court action, where the liability of the named insured would be fixed by the decision on whether or not Huddy was driving with the permission of the named insured, or as an agent of the latter.

The moving defendants correctly urge in this case that one of the issues before the Superior Court with reference to the liability of the named insured is whether Lechner was driving the car with permis-

sion of the owners under the provisions of the California Motor Vehicle Code, Section 17150. This section makes the owner of a car liable for damages occasioned by another who is "using or operating" the car "with the permission, express or implied, of the owner".

The complaint in the Superior Court action states that the car was being driven, operated, controlled and managed by Lechner with the permission, express or implied, of Ann Love, one of the owners.

The insurance policy states in effect that the company will be liable if the car was being "used" with the permission of the named insureds, of which Ann Love is one.

If Lechner was, as alleged in the Superior Court complaint, driving, operating, controlling or managing the automobile, then he was "using" it within the meaning of the insurance policy and within the meaning of the Motor Vehicle Code Section mentioned.

If Lechner had "permission, express or implied" as stated in the said complaint, then he had "permission, express or implied" within the meaning of the Motor Vehicle Code Section just above cited.

If Lechner had "permission, express or implied" within the meaning of the Motor Vehicle Code Section, did he have "permission of the named insured" within the meaning of the insurance policy?

Both sides seem to agree that the law of California governs in interpreting the insurance policy, and this should be so, because the question of liability of the insured and those driving with permission, which the policy is designed to cover, will be decided under the laws of this State.

Plaintiffs argue that under California law the issue of "driving with permission" for the purposes of insurance coverage is a separate and distinct issue from "driving with permission" for purposes of tort liability. In other words, that the Courts give a different construction to the words, depending upon whether the action is one for damages against the owner for liability as fixed by the Motor Vehicle Code, or an action for declaratory relief to have it adjudicated whether the driver is an "insured". Plaintiff has not suggested, however, under what circumstances "driving with permission" would be interpreted to render the owner liable under the Motor Vehicle Code, yet would not be construed as "driving with permission" so as to constitute the driver an "insured" under the policy.

In Norris v. Pacific Indemnity Company, 39 Cal.2d 420, 247 P.2d 1, 3, the case mainly relied on by the plaintiff company, the Supreme Court of California said:

> "No difficulty arises as to the meaning of the word 'permission' in the policy. It may be assumed that it means permission, express or implied. (See § 415(a) (2) Vehicle Code.)"

We have noted the discussions of the word "using" as appear in Souza v. Corti, 22 Cal.2d 454, 139 P.2d 645, 147 A.L.R. 861 and noted in Osborne v. Security Insurance Company, 155 Cal.App.2d 201, 318 P.2d 94, 99. The complaint in the Superior Court charges Lechner was "driving". We are not here concerned with any difficulty over the meaning of the word "using".

It is our view that if the California court finds Lechner was driving with permission of the owner, then the broad terms of the insurance policy defining "insured" would include Lechner, and the issue of driving with permission would be decided for all purposes; thus, the question which determines the duties of the insurance company toward the Lechners is in issue in the Superior Court action, and can be adjudicated by the California court.

The pendency of a prior state court proceeding where there is an identity of issues does not compel us to deny declaratory relief, and plaintiff insurance company urges that it has a legal right to a determination in this Court of the controversy posed in its complaint. It cites many Federal and State cases in which the issues of the declaratory relief action

were decided on the merits, but in which the court was not called upon, by way of a motion to dismiss, to exercise its discretion. As was said in State Farm Mutual Automobile Ins. Co. v. Bonwell, 8 Cir., 248 F.2d 862, 867, these cases go no further than to support the jurisdiction of this Court to determine the issues presented here.

We decline to exercise jurisdiction for the reasons we have set forth as guides for discretion in paragraphs numbered 1, 2, 3, 4 and 5.