**UNITED PACIFIC INSURANCE COMPANY, a Washington corporation, Plaintiff,**

v.

**Ray William BROWN, by his guardian ad litem W. W. Brown, and Russell Raab, by his guardian Fred Raab, Defendants.**

**Civ. No. 65–83.**

United States District Court
D. Oregon.

April 16, 1965.

Mautz, Souther, Spaulding, Kinsey & Williamson, Kenneth E. Roberts, Portland, Or., for plaintiff.

Luvaas, Cobb & Richards, Ralph F. Cobb, Engene, Or., for defendant Raab.

Porter & Bach, Donald F. Bach, Eugene, Or., for defendant Brown.

EAST, District Judge.

The plaintiff has instituted this action under the Declaratory Judgment Act Title 28 U.S.C.A. Section § 2201 to obtain a declaration of its rights and obligations under a certain policy of insurance pro-viding coverage for bodily injury liability, and issued to W. W. Brown.

Plaintiff alleges in its complaint that:

The policy of insurance provides inter-alia:

1. the two-fold obligation to:

(a) "Defend any suit alleging such bodily injury * * * and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent; * * *" and

(b) " * * * pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability for damages—(a) imposed on him by law * * * because of bodily injury, * * * sustained by any person and arising out of the hazards hereinafter defined." (which include negligent acts and omissions of the insured).

2. " * * * The unqualified 'insured' includes * * * (2) if residents of his household, his relatives * * * under the age of twenty-one years in the care of the insured * * *."

3. "This policy does not apply with respect to the * * * Personal hazards:

"under coverage A * * *

* * * * * *

"(b) (1) to bodily injury * * caused intentionally by or at the direction of the insured, * *.";

The defendant Ray William Brown, [Ray] is a minor son and a member of the household of the policy holder, W. W. Brown;

Russell Raab, [Russell] by his guardian has instituted action against the defendant, Ray, in the Circuit Court of the State of Oregon for the County of Lane, seeking to recover general damages, punitive damages, and special damages under two separately alleged causes of action;

Russell, for causation of injury, alleges in his first cause:

"That on or about August 27, 1964, near the East entrance of the Lane County Fair Grounds in Eugene, Lane County, Oregon, the defendant did recklessly and wantonly knock or push plaintiff to the ground and did then and there recklessly and wantonly kick one of his feet in the direction of the plaintiff's head," and

In the second cause:

"That on or about August 27, 1964, near the East entrance of the Lane County Fair Grounds in Eugene, Lane County, Oregon, the defendant did then and there negligently cause the plaintiff to fall to the ground and did negligently cause plaintiff's head to be struck by the defendant's foot, when the defendant knew, or in the exercise of reasonable care should have known, that by such actions plaintiff could be seriously injured and which conduct did result in serious personal injury to the plaintiff * * *";

Ray claims that the above Circuit Court action filed against him is covered by and is within the coverage of the policy of insurance issued to W. W. Brown;

The plaintiff claims that it is not obligated to defend Ray in the Circuit Court action nor is it obligated under its policy of insurance to pay any judgment that may be returned against him in such action;

By reason of the conflicting claims of the parties hereto, an actual controversy of justiciable nature exists between the involving rights and liabilities under the policy of insurance involved, which controversy may be determined by this Court without other suits;

The defendants have moved to dismiss plaintiff's complaint and cause;

The plaintiff claims that Russell's action against Ray is in law and fact an action seeking to recover for bodily injury caused by the "intentional act" of Ray—a risk expressly excluded from the policy and that the second cause sounding in alleged negligence is "artfully" pled. From this vantage I cannot say which of the two causes is "artfully" pled, and it is impossible to determine under which of the two alleged causes, if indeed either, Russell will recover. In any event, plaintiff here is obliged under its promise to defend Ray upon the second cause sounding in negligence, until it is determined in the Circuit Court that no recovery on that cause can be had by Russell. City of Myrtle Point v. Pacific, 233 F.Supp. 193 (D.Or.1963), and furthermore, it will be determined in the Circuit Court upon the same and identical evidence, which must be presented here if plaintiff's action is entertained, whether Russell will recover on either one of the two alleged causes if at all;

There is no question but that this Court has jurisdiction to entertain plaintiff's declaratory action; however, as Chief Judge Solomon wrote in State Farm Mutual Automobile Insurance Company v. Moore, et al., 177 F.Supp. 520, 522 (D.Or.1959):

"The most substantial issue presented by defendant's motion to dismiss is whether the court, as a matter of discretion, should decline to exercise jurisdiction. We have previously observed that the issue which must be tried in this court if we are to determine the [plaintiff's] obligation to [Ray] is an issue which must necessarily be determined in the state court action. This issue is whether [Ray] was guilty of [intentional injury to Russell and thereby entitled to recover, rather than upon the alleged negligent acts of Ray]. Similar problems were involved * * * [I]n [State Farm Mutual Automobile Insurance Company v. Bonwell, 248 F.2d 862 (8th Cir. 1957) in which] the Court of Appeals affirmed a discretionary dismissal on the ground that the 'trial court * * * was justified in believing that a decisive issue in the state court action likely would

be the same issue as that involved here * * *.' The factors which motivated the court to dismiss in the Bonwell case are equally applicable here."

Since the hand of the Circuit Court is "at the plow" and there is no showing that the Circuit Court is not as able as is this Court to timely and fairly decide the issues involved, I will, as a matter of discretion, refuse to exercise jurisdiction in this cause.

Defendants' Motion to Dismiss the plaintiff's complaint and its cause thereunder should be allowed.

Counsel for the defendants may present an appropriate order.