**AETNA CASUALTY AND SURETY COMPANY, a corporation,**
**Appellant,**

v.

**JEFFERSON TRUST AND SAVINGS BANK OF PEORIA, a corporation,**
**Appellee.**

**No. 92–2011.**

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 18, 1992.

Decided May 26, 1993.

Peter C. Fieweger, Rock Island, IL, argued, for appellant.

Edwin L. Durham, Peoria, IL, argued (Robert H. Rhode, on the brief), for appellee.

McMILLIAN, Circuit Judge.

Aetna Casualty & Surety Co. (Aetna) appeals from a final order entered in the United States District Court[1] for the Southern District of Iowa dismissing without prejudice its declaratory judgment action to determine its obligations under a general liability policy it issued to the Jefferson Trust & Savings Bank (Jefferson). *Aetna Casualty & Sur. Co. v. Jefferson Trust & Sav. Bank*, No. 3–92–CV–80009 (S.D.Iowa Mar. 16, 1992) (order). The district court concluded that the issues are controlled by the substantive law of the State of Illinois and that sound discretion dictated the issues be decided in a pending action filed by Jefferson in Illinois state court. *Id.* at 1. For reversal, Aetna argues that (1) the district court abused its discretion in dismissing its action without prejudice; and (2) the evidence showed that the federal district court in Iowa is the forum which will best serve the convenience of the parties and the ends of justice. For the reasons discussed below, we affirm the order of the district court.

In September 1988, Jefferson filed suit against James F. Hamilton and Carolyn F. Hamilton in Iowa state court, seeking to recover approximately $150,000.00 on two defaulted promissory notes. On July 31, 1990, the Hamiltons filed counterclaims for breach of contract and negligent and intentional misrepresentation.

Aetna was the commercial general liability insurer of Jefferson. Jefferson gave Aetna a "Notice of Claim" sometime in September 1991. The notice of claim asserted that Jefferson was entitled to a defense under the Aetna liability policy along with indemnity for any sums due and owing by reason of the Hamiltons' counterclaims. Aetna acknowledged receipt of the Notice of Claim, reserved all its rights under the policy and subsequently agreed to provide Jefferson with a defense of the Hamiltons' counterclaims.

Thereafter, Jefferson, through its own attorneys, negotiated a settlement of the Hamiltons' counterclaims for $152,000.00 and then demanded that Aetna pay the settlement plus $161,000.00 for its attorney fees. Aetna refused to pay, asserting that the settlement was not a covered loss under the policy because it was not a loss caused by an occurrence, i.e., an accident. Aetna further asserted that the money paid in the settlement was a loss which was excluded from coverage under the policy as damage expected or intended from the standpoint of the insured.

On December 13, 1991, Aetna filed a declaratory judgment action against Jefferson in Iowa state court, seeking a declaratory judgment that it was not required to indemnify Jefferson for the amount paid in the settlement of the Hamiltons' counterclaims. The action was removed by Jefferson to the federal district court on the basis of diversity jurisdiction. On January 7, 1992, Jefferson filed a complaint against Aetna in Illinois state court, seeking damages for Aetna's allegedly vexatious refusal to pay the settlement amount.

Subsequently, Jefferson filed a motion in federal district court to dismiss or stay the declaratory judgment action, asserting that its subsequently filed Illinois state court action should be allowed to proceed. The district court dismissed the action without prejudice, concluding that the issues should be decided by the Illinois state court. Aetna filed a motion for reconsideration which was denied. This appeal followed.

---

1. The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

The district court was not required to exercise jurisdiction over the present action if, under the particular circumstances presented to the court, it determined that the action ought not to proceed at this time. Although the Declaratory Judgments Act, 28 U.S.C. § 2201, gives federal courts jurisdiction to entertain actions seeking merely declaratory relief, such jurisdiction is not mandatory. *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942). Rather, the federal courts' power to exercise jurisdiction over declaratory judgment actions is discretionary. *State Farm Mut. Auto. Ins. Co. v. Bonwell*, 248 F.2d 862, 865 (8th Cir.1957). Discretionary power, as used within the context of "declaratory judgment actions, refers to the power exercised by the courts to determine questions to which no strict rule of law is applicable, but which, from their nature and circumstances, are controlled by the court's personal judgment." *Id.* at 866.

We have reviewed the record and hold that the district court did not abuse its discretion in dismissing the action without prejudice. Accordingly, we affirm the order of the district court. *See* 8th Cir.R. 47B.