**WILMINGTON CHEMICAL CORPORA-TION, Plaintiff,**

**v.**

**Anthony J. CELEBREZZE, Secretary of Health, Education, and Welfare, Defendant.**

**No. 63 C 1873.**

United States District Court
N. D. Illinois, E. D.
May 19, 1964.

Edgar A. Blumenfeld, Chicago, Ill., for plaintiff.

Edward V. Hanrahan, U. S. Atty., for defendant.

ROBSON, District Judge.

Plaintiff has sued for a declaratory judgment that its product, known as "X–33," is labeled in conformance with the provisions of the Federal Hazardous Substances Labeling Act, 15 U.S.C. §§ 1261–1273, and that the determination of the Food and Drug Administration relating to X–33 can be applicable only to that product which is shipped subsequently to the promulgation of the ruling.

X–33 is a water repellent product which plaintiff began manufacturing and distributing in April of 1961. In mid-1963 some charges in litigation laid one death, several injuries, and explosions to the use of the product. These occurrences resulted in plaintiff's being advised in August, 1963, that the theretofore approved label was no longer in compliance with the Labeling Act, and by letter of Malcolm R. Stephens, dated September 27, 1963, plaintiff alleges it "was suddenly advised * * * that usage of certain words would bring the label into compliance * * * [and] * * * that unless all labels were changed to include this new language, they would immediately begin seizing all of the product. This demand encompassed all shipments made to retail dealers since the Summer of 1961, which amounted to approximately two thousand four hundred (2400) separate and distinct sales."

Plaintiff states that it has been informed that no administrative review exists, and alleges it will suffer immediate and irreparable injury from the threatened seizure of its product.

The bases on which defendant predicates his motion to dismiss are: The Court is without jurisdiction because the suit is in effect a suit against the United States which has not consented to be sued; the Court is also without jurisdiction because the Attorney General has not been made a party and he is an indispensable party; and, finally, the complaint fails to state a claim under the Declaratory Judgments Act, 28 U.S.C. §§ 2201, 2202, because there is present no justiciable controversy.

The Government also moves, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment on the merits "in that the affidavits and exhibits attached to this motion show that the label of plaintiff's product, X–33 Water Repellent, is not in conformity with the provisions of the Federal Hazardous Substances Labeling Act."

The memorandum in support of the defendant's motion states that X–33 is a water repellent which is "extremely flammable" within the meaning of the Act, 15 U.S.C. § 1261(l), having a "flash point at or below 20 degrees Fahrenheit." In some respects it was found to have a minus 40 degrees Fahrenheit flash point making it highly dangerous for the householder to use.

Plaintiff maintains, on the other hand, that a justiciable controversy exists because of the threatened seizure of the product manufactured by it since April, 1961, because not in conformance with the ruling given retroactive force.

In the latter part of 1962 the Food and Drug Administration had approved the label which the plaintiff was using, finding it in compliance with the Act. Plaintiff was later advised that the label was not in conformance with the Act, and after conference was told that irrespective of the words placed on the new label the phraseology would be unacceptable.

Then, in September, 1963, plaintiff was suddenly advised that usage of certain words would bring the label into compliance and unless the change was immediately effected on all shipments

made since the Summer of 1961, the 2,-400 separate sales thereof by plaintiff would be seized.

The Government's brief indicates some thirty seizure suits are pending, and to contest the seizures and seek consolidation of the many suits plaintiff would have to purchase the respective dealers' interests by reimbursing them.

Plaintiff contends that to require it to comply retroactively is "an unjust, arbitrary and illegal exercise of the powers granted" the Department. It also maintains that it is unnecessary to make the United States a party, nor is it an indispensable party because the official's act here complained of was so clearly in excess of his statutory authority that the suit can be against him alone.

Exhibit A to defendant's motion for summary judgment presents the contents of a label he would consider adequate compliance. It sounds a "minimum warning" on the main panel, disclosing danger, that the product was extremely flammable, the vapors highly explosive, and harmful or fatal if swallowed. It alerts the user to read the additional warning on the side panel before using the product, and further instructs as to safety procedure to be followed in its use.

Plaintiff did not offer to recall the previously sold product now deemed by defendant inadequately labeled. As defendant points out, the letters written by his Department do not constitute rules or regulations so as to be administrative action reviewable by a court.

The September 27, 1963, seven-page letter of the Director of the Bureau of Enforcement was equivalent to a proffer of further basis for negotiation, not a final order which this Court should review in a declaratory judgment suit. Alternative courses were offered to plaintiff therein as to previously sold cans, i. e., recall thereof for relabeling or requesting the dealers in possession of such "misbranded" stock to hold the same for relabeling when the proper label should be determined.

Following the September letter a label was submitted to the Department, together with a letter commenting on the necessary inclusion of additional warning on the label because of injuries of another type which had come to the Department's notice in the interim.

Plaintiff's attorneys seemingly tired of the negotiation and wrote their client on October 22, 1963, that "after an interminable discussion with the Food & Drug Administration" they caused the instant suit to be filed.

Appended to the Government's motion to dismiss and for summary judgment are a number of affidavits of victims of explosive occurrences following use of the X–33 product, despite their following the instructions on the label for the use of the product.

Defendant's memorandum further states that two informal meetings were held to work out a voluntary program for the plaintiff to withdraw X–33 from sale as a means of precluding seizure actions, but the program was not effective and a number of seizures were necessary to apprehend the hazardous substance.

Defendant's summary judgment motion is supported by affidavits and exhibits which he claims plainly show that the product X–33 is not labeled in conformity with the Act.

Irrespective of the very cogent technical objections of the defendant to plaintiff's maintenance of this suit against the named defendant, the Court has concluded to proceed directly to the propriety of permitting the maintenance, in any event, of a declaratory judgment suit to decide the issues here raised.

The Court concludes that the motion to dismiss should be granted on the ground that its discretion should be exercised adversely to assuming jurisdiction to pass upon the alleged arbitrariness of defendant's action in respect to the offending labels.

While it is understandable that plaintiff complains of defendant's retroactive change of position in respect to

---

plaintiff's label, to its detriment, the Court believes that if the label theretofore permitted is insufficient to warn *future* users, it is just as inadequate, as well as dangerously insufficient, to warn users of cans *previously* marketed.

If the prime purpose of the Statute is to protect the public, that protection is the paramount consideration, and it is defendant's duty to do a complete job of protection and not trust to luck that purchasers of the cans theretofore sold to dealers will be aware enough to understand the previously approved but inadequately specific label.

The Court is also loath to substitute its judgment for the expertise of the administrative official charged with the duty of passing upon the subject. It has been held that the Declaratory Judgment Act does not confer jurisdiction to review administrative action, not final, so as to be reviewable under the Administrative Procedure Act. Continental Bank and Trust Company v. Martin, 112 U.S.App.D.C. 354, 303 F.2d 214 (1962).

In the case of Miles Laboratories, Inc. v. Federal Trade Commission, et al., 78 U.S.App.D.C. 326, 140 F.2d 683 (1944), declaratory relief was sought to delimit the Commission's authority to dictate and control the contents of the plaintiff's label and advertising and it was held that under that Act the administrative remedy must be exhausted before resort could be had to the courts, and the Declaratory Judgment Act does not create new rights or increase or extend the jurisdiction of the Court, and the District Court was therefore correct in holding that it lacked jurisdiction of the subject matter of the complaint.

Furthermore, as defendant points out, the validity of the label on products theretofore sold is the issue to be determined in all the seizure suits presently pending.

The reasons which impel the Court's present action are well expressed in the Second Circuit Court of Appeals' decision in Certified Color Industry Committee v. Secretary of Health, Education, and Welfare, 283 F.2d 622 (2nd Cir. 1960), which arose in a proceeding for review of the Secretary of Health, Education, and Welfare's revoking certificates on batches of certain coal tar colors. There the petitioners did not challenge the Secretary's right to change his ruling to operate prospectively but contended that to make it operate retroactively would deprive them of property without due process of law. The Court there said, 283 F.2d at p. 625:

"Acceptance of what we understand to be the suggested construction— that a batch may be decertified only if it fails to conform to regulations in effect at the time it was certified —would mean that a certificate given in the *correct* belief that the batch is harmless may in certain cases be withdrawn, but a certificate which is inaccurate from the beginning and given in the *mistaken* belief that the batch is harmless may not be withdrawn. Such a result would make little sense. The purpose of the Act is to prevent other than harmless colors from being used in food, drugs and cosmetics. If this purpose is to be effectuated, withdrawal of a certificate in one case is obviously quite as important as withdrawal in the other.

\* \* \* \* \* \*

"When it is discovered this representation is inaccurate the mistake may be corrected. Just as the respondent has power to certify only harmless batches, we think he has the concomitant power to decertify those which are found not to be harmless."

A similar holding is found in United States v. 60 28-Capsule Bottles, More or Less Etc., D.C., 211 F.Supp. 207 (1962). A further holding that is in point is in United States v. Kordel, 164 F.2d 913 (7th Cir. 1948).

The Court's discretion to entertain a declaratory judgment suit must be exercised reasonably and not arbitrar-

**172**

ily (Cyclopedia of Federal Procedure, Section 90.10). This Circuit's Court of Appeals' decision in Allstate Insurance Company v. Charneski, 7 Cir., 286 F.2d 238 (1960), states the principle, at p. 244:

> "[R]elief under the Federal act is expressly discretionary. Such relief is permissive and not absolute. Declaratory relief 'may' be granted, and need not be when it would create an unnecessary federal-state conflict."

To the same effect is A. L. Mechling Barge Lines, Inc., v. United States, et al., 368 U.S. 324, 82 S.Ct. 337, 7 L.Ed.2d 317 (1961); also Public Service Commission of Utah, et al. v. Wycoff Company, Inc., 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291 (1952).

In Public Affairs Associates, Inc. v. Rickover, 369 U.S. 111, at p. 112, 82 S.Ct. 580, at p. 582, 7 L.Ed.2d 604 (1962), the Supreme Court said:

> "The Declaratory Judgment Act was an authorization, not a command. It gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so. * * * Of course a District Court cannot decline to entertain such an action as a matter of whim or personal disinclination. 'A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest.'"

Similar statements were made in Brillhart v. Excess Ins. Co., 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942).

Viewing the purpose of the Declaratory Judgment Act in the posture of this case, the Court concludes it should not interpose its jurisdiction to pass upon the labeling of a highly technical and dangerous substance which the administrative process was coping with, but the negotiations dropped by plaintiff before final conclusion.

In view of the Court's conclusion that this suit should be dismissed, the Court does not pass upon the defendant's motion for summary judgment.

It is hereby ordered that the Complaint for a Declaratory Judgment be and the same is hereby dismissed.