EMPLOYERS MUTUAL CASUALTY
COMPANY, a corporation,
Plaintiff,

v.

EL DORADO SPRINGS R-2 SCHOOL
DISTRICT, a corporation, Defendant.
No. 2296.

United States District Court
W. D. Missouri, S. D.
March 7, 1967.

William H. Sanders, of Caldwell, Blackwell, Sanders & Matheny, Kansas City, Mo., for plaintiff.

Duke W. Ponick, Jr., of Foust, Moudy & Jacobson, Kansas City, Mo., for defendant.

## ORDER DISMISSING COMPLAINT

COLLINSON, District Judge.

This is a diversity action for a declaratory judgment filed by an insurance company to determine the extent of its liability for the destruction of the insured property. After plaintiff issued a policy insuring defendant school district's property, a high school building and its contents, insured for $169,000.00 and $20,000.00 respectively, were destroyed according to plaintiff, "by reason of an explosion."

Section 379.140, RSMo 1959, V.A.M.S., provides that when an insured building is totally destroyed by fire no proof of actual loss is necessary, the insurer being liable for the face amount of the policy. Plaintiff is asking this Court to declare that the Missouri "valued policy" statute does not apply to the present case because the loss was by explosion instead of fire. Plaintiff insurance company further disputes the extent of the damage to the property and the amount of defendant's actual loss.

This declaratory judgment action was filed on November 3, 1966, and summons served on November 9, 1966. On the latter date the school district, defendant here, instituted an action in the Circuit Court for Cedar County, Missouri, in which it asserted its claim against the insurer under the policy, and prayed for recovery of the face amount. The insured alleged in that action that loss was due to "a fire and explosion." The state action also has a second count in the alternative which seeks to recover from the insurer and/or its agent for misrepresentations the agent made in selling the policy in the event that the insurer does not have to pay the face amount for this claimed total loss. The state action was filed on November 9, 1966, the day service was obtained in this action, and service on the Superintendent of Insurance of the State of Missouri made on November 17, 1966. The insurance company, plaintiff here and defendant in the state action, removed the state suit to this court on December 8, 1966. That case is being remanded for lack of diversity on motion of the plaintiff.

The school district has moved to dismiss this declaratory judgment action for several reasons, the principal ones being that a question of state law is involved— the construction and application of the "valued policy" statute—and that the declaratory judgment action will not fully settle the controversy between the parties. The insurer, as expected, denies that this is really a question of state law, and further objects to being in the state court because the jury would be composed of taxpayers of the school district and thus prejudiced against an out-of-state insurance company. Both sides have assisted the Court with briefs clearly setting out and supporting their respective positions.

■ The question in this case is not whether this Court has jurisdiction, but does sound discretion direct this Court to exercise that jurisdiction. Federal Civil Rule 57 makes declaratory judgment actions under 28 U.S.C. §§ 2201 and 2202 subject to the same rules as ordinary civil actions. Clearly this Court does have jurisdiction here by virtue of 28 U.S.C. § 1332(a), diversity of citizenship with over $10,000.00 in dispute. However, declaratory judgment jurisdiction, unlike jurisdiction in the ordinary civil action, is discretionary rather than mandatory. Brillhart v. Excess Ins. Co., 316 U.S. 491, 494, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942); State Farm Mutual Automobile Ins. Co. v. Bonwell, 248 F.2d 862, 865 (8th Cir. 1957); 3 Barron & Holtzoff, Federal Practice & Procedure § 1265 (1958). In the often cited Brillhart case, Mr. Justice Frankfurter made this clear by stating

> Although the District Court had jurisdiction of the suit under the Federal Declaratory Judgments Act, * * * it was under no compulsion to exercise that jurisdiction. The petitioner's motion to dismiss the bill was addressed to the discretion of the court.

Concurring, Mr. Justice Douglas said "The exercise of jurisdiction under the Federal Declaratory Judgments Act is certainly not compulsory; it is discretionary." 316 U.S. at 499, 62 S.Ct. at 1177.

■■ The Eighth Circuit defined declaratory judgment discretion in the *State Farm Mutual* case as "the power exercised by the courts to determine questions to which no strict rule of law is applicable, but which, from their nature and the circumstances, are controlled by the court's personal judgment." 248 F. 2d at 866. As in other equitable actions this discretion is not absolute and must be exercised reasonably and not arbitrar-

ily. Wilmington Chemical Corp. v. Celebrezze, 229 F.Supp. 168, 172 (N.D.Ill. 1964); 3 Barron & Holtzoff, Federal Practice and Procedure § 1265 (1958); 15 Cyclopedia of Federal Procedure § 90.10 (3d ed. 1964). In Public Affairs Associates, Inc. v. Rickover, 369 U.S. 111, 112, 82 S.Ct. 580, 582, 7 L.Ed.2d 604 (1962), the Court held

> Of course a District Court cannot decline to entertain such an action as a matter of whim or personal disinclination. 'A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest.' Eccles v. Peoples Bank, 333 U.S. 426, 431 [68 S.Ct. 641, 644, 92 L.Ed. 784].

■ While a number of factors deserve consideration, no mechanical test can adequately guide the Court in its exercise of discretion because the balance of interests in each case must depend on the particular facts and issues involved. In National Union Fire Ins. Co. of Pittsburgh, Pa. v. Lippert Bros., Inc., 233 F.Supp. 650, 654 (D.Neb.1964), the court enumerated some of the more important factors which should be weighed, including applicable substantive law, convenience of the forum, the existence and priority of competing actions involving the same issues, and whether or not a declaratory judgment would finally settle the controversy. The Nebraska court felt that the identity of issues in competing actions probably deserved the greatest weight, and quoted Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 324 (4th Cir. 1937), where Judge Parker stated

> The object of the [declaratory judgment] statute is to afford a new form of relief where needed, not to furnish a new choice of tribunals or to draw into the federal courts the adjudication of causes properly cognizable by the courts of the states.

This language was adopted by the Eighth Circuit in the State Farm Mutual case, supra. Lumbermens Mutual Cas. Co. v. Edelman, 214 F.Supp. 1, 3 (W.D.Mo. 1963).

As plaintiff pointed out in its brief the cases cited above on the point of identity of issues in competing actions involved situations where the declaratory judgment action was filed subsequent to the state court suit. Here the declaratory judgment action was commenced shortly before the state action, and the effect of that priority will be discussed later.

Turning now to the facts of this case we find basically a two party dispute between an insurance company and its policy holder over a particular casualty loss. This situation does not present the more complex problems which arise in the three party case of a liability insurer seeking a declaration of its duty to defend an action against its insured. Note, 41 Ind.L.J. 87 (1965). Here the insurer could achieve much the same result by asserting its declaratory judgment action contentions as defenses in the insured's suit on the policy. Of course, standing alone this fact does not prevent the maintenance of the declaratory judgment action, but the possibility of inconsistent judgments and questions of res judicata and collateral estoppel must be recognized.

What substantive law will govern the disposition of the issues in this suit? Defendant school district claims that this is a state law question which can be best decided by the state courts. Plaintiff on the other hand argues that its complaint "does not set up a basic-issue-interpretation of a state statute." (Plaintiff's counter-brief, page 5, ¶ 2). While it is true that the complaint does not directly call the "valued policy" statute into question, there is a very good possibility that it will be raised. If the Court found as a fact that a fire followed total destruction of the premises by an explosion, then the question of the applicability of § 379.140, RSMo 1959, V.A.M.S., would necessarily arise.

Defendant puts great weight on this factor and argues that this action "invites the Court to decide a very important question of State Law that will have in-

calculable significance to holders of fire insurance policies throughout the state." (Defendant's reply brief, page 1). This is not an unusual situation for federal courts are called upon often to decide important state law questions in diversity cases. However, this is an important factor which weighs in favor of not exercising discretionary jurisdiction in this case.

Plaintiff makes much of the fact that the declaratory judgment suit was filed prior to the state action. Professor Moore recognizes this argument and notes that where everything else is evenly balanced between the competing actions, priority alone may solve the question. 6 Moore's Federal Practice ¶ 57.08 [6], p. 3042. To adopt the priority rule as controlling here, however, would be to put a premium on winning a "race to the courthouse" because the state action was filed only six days after this action, on the day service was obtained in this suit.

Plaintiff quotes extensively from Aetna Life Ins. Co. of Hartford, Conn. v. Martin, 108 F.2d 824, 827–828 (8th Cir. 1940), to establish its right to have this Court retain jurisdiction. In that case the District Court dismissed a declaratory judgment suit "for want of jurisdiction," basing its action on the pendency of a suit in state court which was "the proper tribunal to a hearing to determine the question of law involved." The state court suit was filed subsequent to the federal suit as in the present case. The Court of Appeals for the Eighth Circuit properly reversed, holding that once jurisdiction is acquired the filing of another suit will not work to oust that jurisdiction. The Court also noted that "the lower court gave *compelling weight* to the fact that this second action was pending in the state court." (emphasis added) 108 F.2d at 827. The District Court in the *Aetna* case felt it was *without* jurisdiction and thus required to dismiss. Clearly a different situation would have been presented if the dismissal had been a reasonable exercise of discretion.

Consideration of the identity of issues between the two actions leads directly into the question of final settlement of the controversy. Count I of the state petition is a claim on the policy and raises substantially the same issues as this declaratory judgment action, but the alternative Count II is in tort. Of course the tort claim could be raised here by way of counterclaim, and if this were not a discretionary action such a procedure would be required. However, under the circumstances of this case it does not appear to the Court that this is the more convenient way to dispose of this dispute.

The controversy can be completely settled in an action on the policy which is now pending. Since a serious question of Missouri law seems almost certain to be intertwined in the issues of this case, the balance weighs in favor of the state suit.

There is a simple answer to plaintiff insurance company's claim of prejudice on the part of the jurors of Cedar County, Missouri, who are also taxpayers of defendant school district. Missouri Supreme Court Rule 51.03(a), V.A.M.R. provides for a change of venue where "(1) * * * the inhabitants of the county are prejudiced against the applicant." Such a claim adds nothing to plaintiff's argument for this Court's exercising discretion in its favor.

On weighing the equities on both sides and the possible involvement of a serious question of state law, the Court finds that jurisdiction over this cause should not be retained. Plaintiff is not left to some uncertain future declaration of its rights, but may obtain a speedy determination in an already pending action without the necessity of declaratory relief.

For the above reasons it is

Ordered that defendant's motion to dismiss be granted, and this cause is hereby dismissed.