AGORA SYNDICATE, INC., Plaintiff,

v.

ROBINSON JANITORIAL SPECIALISTS, INC., Troy Dodson, sole wrongful death beneficiary of Christy E. Massie, deceased, and The Estate of Christy E. Massie, Deceased, Defendants.

Civil Action No. 1:96CV256–D–D.

United States District Court,
N.D. Mississippi,
Eastern Division.

Sept. 9, 1997.

Ronald L. Roberts, Mitchell, McNutt, Threadgill, Smith & Sams, Columbus, MS, for Agora Syndicate, Inc.

John W. Crowell, Gholson, Hicks & Nichols, Columbus, MS, for Robinson Janitorial Specialists, Inc.

Edward Sanders, Barrett Law Offices, Lexington, MS, for Troy Dodson.

J. Armstrong Walters, Jr., Walters, Easley & Walters, Columbus, MS, for Estate of Massie.

## MEMORANDUM OPINION

DAVIDSON, District Judge.

Presently before the court are the motions of the plaintiff and of most of the defendants for summary judgment in this declaratory judgment action. The court takes up *sua sponte* the matter of whether, based upon the existence of a previously-filed parallel state court action, the court should abstain from hearing this cause. After due consideration, the court finds that the cause presently before the court serves no purpose beyond mere duplication of proceedings which may be properly presented to the state court in the parallel action. As such, this court shall exercise its discretion and shall abstain from hearing this matter.

### I. Factual Summary

Sometime in early July 1992, James McClure abducted Christie E. Massie from Ms. Massie's Courtsquare Towers Law Office. McClure placed Ms. Massie in the trunk of Massie's 1989 Buick Park Avenue automobile, where she ultimately died. Ms. Massie's body was found in the trunk of the car on or about July 14, 1992. Officials arrested McClure with regard to the abduction, and a jury later convicted him of manslaughter.

At the time of the abduction, the defendant Robinson Janitorial Specialists, Inc. ("Robinson"), employed McClure as a janitor and had assigned him to clean the Courtsquare Towers Law Office. On June 25, 1995, the estate of Ms. Massie and her wrongful death beneficiaries filed a state court action in the Circuit Court of Lowndes County, Mississippi, charging in part that the defendant Robinson was liable to the plaintiffs for the death of Ms. Massie: 1) by virtue of *respondeat superior* for the actions of McClure; and 2) for negligence in the hiring and supervision of McClure as an employee. On August 16, 1996, the plaintiff Agora Syndicate, Inc. ("Agora"), filed the present action with this court, seeking a declaratory judgment that it has no obligation to defend, under the policy of insurance issued to Robinson by Agora, the defendant Robinson and then-defendant James McClure[1] in the pending state court action. Both the plaintiff and the defendant Robinson have filed with the court motions for summary judgment.

### II. Discussion

■ The Declaratory Judgment Act provides, in relevant part, that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants.

*Wilton v. Seven Falls Co.,* 515 U.S. 277, 288, 115 S.Ct. 2137, 2143, 132 L.Ed.2d 214, 224 (1995).

The Declaratory Judgment Act was an authorization, not a command. It gave the federal courts competence to make a decla-

---

1. James McClure failed to answer the plaintiff's complaint in this cause, and by order dated November 1, 1996, this court entered a default judgment against McClure on behalf of the plaintiff. *Agora Syndicate v. Robinson Janitorial, et al.,* Civil Action No. 1:96cv256–D–D (N.D.Miss. Nov. 1, 1996) (Davidson, D.J.).

ration of rights; it did not impose a duty to do so.

*Public Affairs Associates v. Rickover,* 369 U.S. 111, 82 S.Ct. 580, 7 L.Ed.2d 604 (1962); *Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 494, 499, 62 S.Ct. 1173, 1175, 1177–78, 86 L.Ed. 1620 (1942); *Great Lakes Dredge & Dock Co. v. Huffman,* 319 U.S. 293, 299–300, 63 S.Ct. 1070, 1073–74, 87 L.Ed. 1407 (1943). This court's decision regarding an award of declaratory relief is discretionary, and is reviewed by the Fifth Circuit Court of Appeals for an abuse of discretion. *Wilton v. Seven Falls Co.,* 515 U.S. 277, 289, 115 S.Ct. 2137, 2144, 132 L.Ed.2d 214 (1995); *Cornhill Ins. PLC v. Valsamis, Inc.,* 106 F.3d 80, 84 (5th Cir.1997); *Rowan Cos. v. Griffin,* 876 F.2d 26, 29 (5th Cir.1989). While this court may not dismiss a request for a declaratory judgment on the basis of a whim or personal disinclination, it may nonetheless decline to hear the action based upon a myriad of justifications. *Magnolia Marine Transport Co. v. Laplace Towing Corp.,* 964 F.2d 1571, 1581 (5th Cir.1992); *Granite State Ins. Co. v. Tandy Corp.,* 986 F.2d 94, 96 (5th Cir.1992); *Rowan,* 876 F.2d at 29. A court may deny declaratory relief

> because of a pending state court proceeding in which the matters in controversy between the parties may be fully litigated, … because the declaratory complaint was filed in anticipation of another suit and is being used for the purpose of forum shopping, … because of possible inequities in permitting the plaintiff to gain precedence in time and forum, … or because of inconvenience to the parties or the witnesses.

*Magnolia Marine,* 964 F.2d at 1581. The undersigned has considered all of these justifications and finds most pertinent that the court may decline jurisdiction "because of a pending state court proceeding in which matters in controversy between the parties may be fully litigated...." *Rowan,* 876 F.2d at 29.

> Fundamentally, the district court should determine whether the state action provides an adequate vehicle for adjudicating the claims of the parties and whether the federal action serves some purpose beyond mere duplication of effort. The district

court should consider denying declaratory relief to avoid gratuitous interference with the orderly and comprehensive disposition of a state court litigation if the claims of all parties can satisfactorily be adjudicated in the state court proceeding.

*Wilton v. Seven Falls Co.,* 41 F.3d 934, 934 (5th Cir.1994); *Magnolia Marine,* 964 F.2d at 1581 (citations and quotations omitted).

■ Indeed, the Fifth Circuit has reversed, as an abuse of discretion, a district court's refusal to abstain from hearing a declaratory judgment action under such circumstances. *Magnolia Marine,* 964 F.2d at 1582; *see also Wilton v. Seven Falls Co.,* 41 F.3d 934, 934 (5th Cir.1994); *Granite State,* 986 F.2d at 97; *Pacific Employers Ins. Co. v. M/V Capt. W.D. Cargill,* 751 F.2d 801, 804 (5th Cir.1985). This basis for abstention stems from the directive of the United States Supreme Court, which stated that

> Ordinarily, it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

*Brillhart,* 316 U.S. at 495, 62 S.Ct. at 1175–76. As a consequence, abstention from a declaratory judgment action is ordinarily appropriate when the state offers an adequate alternative forum in which to resolve the particular dispute. *Southwind Aviation, Inc. v. Bergen Aviation, Inc.,* 23 F.3d 948, 950 (5th Cir.1994); *Canal Ins. Co. v. Morgan,* 961 F.Supp. 145, 147–48 (S.D.Miss. 1996). In deciding whether to hear a declaratory judgment action under these circumstances,

> a district court should examine "the scope of the pending state court proceeding and the nature of defenses open there." This inquiry, in turn, entails consideration of "whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc."

*Wilton,* 515 U.S. at 282, 115 S.Ct. at 2140. While the plaintiff Agora is not technically a party to the state court action, it may seek intervention in the state court action and receive from the state court a determination of its responsibilities to defend Robinson in that action. *See, e.g., United States Fidelity v. Blevins,* Cause No. 92–7410, 979 F.2d 1535 (5th Cir. Nov. 24, 1992) (affirming district court's decline of jurisdiction where insurer not a present party to state court action); *State Farm Fire and Cas. Co. v. Oliver,* 659 F.Supp. 478, 480 (S.D.Miss.1987) (dismissing declaratory judgment action even though insurer not presently party to state court action "in light of the existence of Rules 14 and 57 of the Mississippi Rules of Civil Procedure."); *Guaranty Nat. Ins. Co. v. Pittman,* 501 So.2d 377, 383 (Miss.1987) (permitting insurer to intervene in action against insured's employee). Likewise, Robinson may seek to force coverage from Agora by making it a third-party defendant. Miss. R. Civ. P. 14 (third party practice). Under either scenario, Agora may join the state court action, and judicial economy may be served by preventing piecemeal litigation of events surrounding Ms. Massie's death. Such an intervention is preferable to instituting separate federal proceeding where factual or legal determinations of one court may exert preclusive effect upon the other.

As well, Agora may bring an entirely separate action in state court, so that the same court may still decide both actions. Miss. R. Civ. P. 57 (authorizing declaratory judgment actions). Federal courts have declined jurisdiction in such cases where the insurance company was *incapable* of intervening in the pending state court action, when alternative adequate relief was alternatively available in state courts. Even the Ninth Circuit has done so:

> We realize that [the insurer] is not a party in the underlying tort action and cannot be made a party. But [the state] does have a procedure for obtaining a declaration of the rights and other legal relations of an interested party seeking a declaratory judgment.... Thus, [the insurer] could have presented the issues that it brought to federal court in a separate action to the same court that will decide the underlying

tort action.... It is true that in the present case the federal declaratory judgment action does not parallel a state court action arising from the same facts in the sense that different legal issues are presented by the pleadings. Nevertheless, the federal action does parallel the state action in the sense that the ultimate legal determination in each depends upon the same facts. And, there is an alternate state remedy by which the legal determination sought in the federal declaratory judgment action may be made on the basis of a well-developed factual record, rather than on the basis of a barren record.

*American Nat. Fire Ins. Co. v. Hungerford,* 53 F.3d 1012, 1016 (9th Cir.1995) (citing *Allstate Ins. Co. v. Mercier,* 913 F.2d 273, 278–79 (6th Cir.1990)); *see also Vigilant Ins. Co. v. Behrenhausen,* 889 F.Supp. 1130 (W.D.Mo. 1995); *U.S. Liability Ins. Co. v. Wise as Next Friend of Easler,* 887 F.Supp. 348, 351 (D.Mass.1995) ("In the present case, the plaintiff is not a party to the underlying state action. Furthermore, it is not clear that the plaintiff could properly be joined or intervene below. But, the plaintiff can bring a separate declaratory judgment action in state court ..."); *Imperial Cas. and Indem. Co. v. Bellini,* 753 F.Supp. 58, 60 (D.R.I.1991) ("The insurance coverage issues that are the subject of the declaratory judgment action before this Court are equally capable of resolution in state court under the Rhode Island Declaratory Judgment Act.").

In addition to the availability of a remedy in state court, the undersigned notes that this case involves complex and novel questions regarding Mississippi insurance law. The parties acknowledge as much. *See, e.g.,* Plaintiff's Brief, p. 9 ("Although no Mississippi state or federal court has addressed the issue...."); Defendants' Brief, p. 20 ("Although we have been unable to find any Mississippi cases which construe this language...."). No substantive question of federal law presents itself. These unresolved, novel issues of state law weigh heavily in favor of dismissal. While this court is capable of making its best *Erie*-guess as to how the Mississippi Supreme Court might decide an issue, Mississippi courts are better

situated to identify the public policy considerations that underpin state regulation of insurance, which may be implicated in deciding questions of state law.

Not only is the underlying controversy purely one of state law, but, in addition, it is uncontested [that] the question of law presented in the declaratory judgment action is unsettled in the [state] courts. Accordingly, this Court holds that it would be inappropriate for it not to decline jurisdiction under the circumstances. In the setting here, notions of comity counsel that the state courts ought to have the first opportunity to settle matters of purely state law.

*Canadian Universal Ins. Co. v. Thibaut Oil Co.,* 622 F.Supp. 1055, 1058 (E.D.La.1985). The court finds determinative in this case that Agora has available an adequate remedy in state court for the resolution of complex and novel issues of state law which could more closely parallel, if not join, the previously filed pending state court action in this case. In this court's opinion, all remaining relevant factors do not outweigh these considerations.

III. Conclusion

It is the opinion of this court that the previously-filed state court action, presently pending in the Circuit Court of Lowndes County, Mississippi, provides an adequate forum for the resolution of all disputes between the parties in this action. Alternatively, the Lowndes County Circuit Court itself provides an adequate alternative remedy for the resolution of complex questions of state law presented in this action. As such, and after consideration of all the relevant factors, this court exercises its discretion not to hear this declaratory judgment action and shall dismiss this cause without prejudice as a matter of comity with the state courts, and in order to avoid duplicative and piecemeal litigation.

A separate order in accordance with this opinion shall issue this day.

*ORDER ABSTAINING FROM THE
EXERCISE OF JURISDICTION
AND DISMISSING CAUSE*

Pursuant to a memorandum opinion issued this day, it is hereby ORDERED THAT:

1) this court hereby ABSTAINS from hearing this action; and

2) pursuant to this court's abstention, this cause is hereby DISMISSED without prejudice.